Gene P. Salvucci et al., Petitioners v. Commonwealth of Pennsylvania, Secretary of Commerce, James O. Pickard, Respondent.

Argued February 21, 1984, before Judge MAC-PHAIL.

*Jeffrey D. Swick,* for petitioners.

*David F. Snyder,* Chief Counsel, for respondent.

MEMORANDUM OPINION BY JUDGE MACPHAIL, March 19, 1984:

Before us at this time[1] is the motion of the Secretary of the Department of Commerce (Secretary) to quash the appeal of Gene P. Salvucci and George F. Salvucci, t/d/b/a Sal's Supermarket, Inc. (Petitioners).

Petitioners' procedural objections to the motion are denied as being without merit.

Underlying the appeal is the following factual situation. Quality Markets, Inc. (Applicant) applied to the McKean County Industrial Development Authority (Authority) to have its proposed new installation funded under the provisions of the Industrial and Commercial Development Authority Law (Law), Act of August 23, 1967, P.L. 251, *as amended,* 73 P.S.

---

[1] Application for stay was denied by this Court on January 27, 1984.

§§371-386. After the necessary public hearings wherein Petitioners participated, the required documents were duly submitted by the Authority to the Secretary for his approval pursuant to the provisions of Section 7(f) of the Law, 73 P.S. §377(f). On or about October 4, 1983, the Secretary announced his approval of the project. Petitioners' petition for review cites this action by the Secretary as its basis for an appeal.

Although the Commonwealth submits four reasons why its motion should be granted[2] we need only address the question of whether the Secretary's approval constitutes an adjudication subject to our appellate review. We hold that it is not.

An adjudication is defined in 2 Pa. C. S. §101 as:

Any final order, decree, determination or ruling by an agency affecting personal or property rights . . . .

Does the Applicant have a personal or property right to obtain project approval? We think not. Had the application been denied, we do not believe the Applicant could have appealed from the disapproval thereof. An applicant has no personal right to the project approval because the Secretary directs his approval to the Authority, not the loan applicant. Under such circumstances the applicant has no personal or property right to be adjudicated by the Secretary's approval or disapproval of the project.

This Court has indicated in the past that not every action by an agency is an adjudication. *Fricchione v. Department of Education*, 4 Pa. Commonwealth Ct. 288, 287 A.2d 442 (1972) and *Manheim Township School District v. State Board of Education*, 1 Pa. Commonwealth Ct. 627, 276 A.2d 561 (1971). The Sec-

---

[2] Failure to join indispensable and necessary parties, Petitioners' lack of standing, lack of an appealable order and mootness.

retary here has limited discretion in the approval of project applications. If four criteria are satisfied, the statutory mandate is that the Secretary shall approve and if he fails to act within 20 days, the project is deemed approved without the Secretary's formal approval. There is no provision for a hearing before the Secretary. The Secretary acts not as an adjudicator of rights but as an administrator of a statute.

If the Applicant has no personal or property right in the project approval, certainly Petitioners who protest the Secretary's approval would also have no personal or property right therein.

Inasmuch as there has been no adjudication, there can be no appellate review. The Secretary's motion must be granted.

### ORDER

The motion of the Secretary of the Department of Commerce to quash the petition for review addressed to our appellate jurisdiction is granted and the appeal is hereby dismissed.