146

Ahmad Abdul Jabbar Al Samad, a/k/a Roy Williams, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Corrections, Commissioner Ronald J. Marks et al., Respondents.

Submitted on briefs April 19, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Ahmad Abdul Jabbar Al Samad a/k/a Roy Williams,* petitioner, for himself.

*David M. Donaldson,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 3, 1985:

Ahmad Abdul Jabbar Al Samad, a/k/a Roy Williams (Williams), appeals a decision issued by the

Commissioner of the Bureau of Corrections rejecting his grievance regarding visitation procedures at the State Correctional Institution at Graterford.[1] We dismiss Williams' appeal.

Williams, a Graterford inmate, objected to delays in the commencement of visits, and the resulting shortening of visiting times to less than one hour, caused by the holding back of visitors until completion of the afternoon change in the guard shift. He also complained of the requirement that his minor son produce identification when visiting him.

The Bureau argues that the Commissioner's decision is not an adjudication subject to appellate review, claiming that it did not implicate any rights or privileges.[2] We agree. Bureau regulations grant inmates the privilege of receiving visitors, particularly immediate family members.[3] However, the same regulations specifically limit this privilege in the areas relating to Williams' grievance. They merely provide that visiting periods *"should* be no less than 1 hour in duration."  37 Pa. Code §93.3(h)(3) (emphasis added).  Likewise, "a visitor who cannot produce identification . . . will not be allowed in the institution."  37 Pa. Code §93.3(i)(3).  Lawful incarceration results in the necessary limitation of many rights and privileges. *Robson v. Beister,* 53 Pa. Commonwealth Ct. 587, 420 A.2d 9 (1980). The Commissioner's

---

[1] Williams originally filed a petition for review in our original jurisdiction. In a May 2, 1984 opinion and order dismissing the Bureau's preliminary objections, we determined that this complaint should be treated as a petition for review within our appellate jurisdiction.

[2] An adjudication consists of "[a]ny final order, decree, decision or ruling . . . affecting personal or property rights [or] privileges . . . of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa. C. S. §101.

[3] 37 Pa. Code §93.3(a) and (h)(3).

148

decision does not implicate any of Williams' limited visiting privileges. We hold that this decision is not an adjudication and, therefore, that appellate review is not proper. *Salvucci v. Secretary of Commerce*, 81 Pa. Commonwealth Ct. 361, 473 A.2d 1107 (1984).

We accordingly dismiss Williams' petition for review.[4]

ORDER

The petition for review of Ahmad Abdul Jabbar Al Samad, a/k/a Roy Williams, is dismissed.

---

[4] Having dismissed Williams' petition for review, we need not address the merits of his appeal.