Thomas Martin, a/k/a Eugene Collins, Petitioner *v.* Glen R. Jeffes, Commissioner, Bureau of Corrections, Respondent.

Submitted on briefs February 7, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Thomas Martin,* petitioner, for himself.

*Carl Vaccaro,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General.

OPINION BY JUDGE DOYLE, November 20, 1985:

Petitioner Thomas Martin, a/k/a Eugene Collins, is an inmate at the State Correctional Institution in Graterford, Pennsylvania (Graterford). He has filed a petition for review seeking to restrain enforcement of a policy of that institution which restricts the possession of typewriters by inmates to particular models.

In October of 1982, Petitioner purchased a battery-operated typewriter with a volatile memory,[1] allegedly in reliance on a representation made to him by Graterford's Inmate Grievance Coordinator to the effect that the current policy prohibiting such typewriters was soon to be changed. Petitioner was not permitted to keep the typewriter in his possession, and he wrote a letter to the Superintendent protesting this restriction. The Superintendent wrote back to Petitioner, informing him that the typewriter policy was being changed to permit possession of some battery-operated typewriters, that a directive would soon be issued further defining the new policy, and that Petitioner would be permitted to keep his typewriter in the prison if it was found to comply with the directive. Unfortunately, however, the typewriter was found not to comply, and Petitioner was never permitted to take possession.

From this sequence of events, Petitioner appealed directly to this Court, naming the Bureau of Corrections and Glen R. Jeffes, Commissioner, as Respondents. Petitioner alleges that the Graterford typewriter policy is in violation of his due process and equal protection rights under the fifth and fourteenth amendments to the United States Constitution; that enforcement of the policy by prison officials was under color of state law and, consequently, constituted a

---

[1] "Volatile" meaning that the machine had no storage capacity once the power was turned off.

violation of the Civil Rights Act, 42 U.S.C. §1983; that the policy is not "reasonable" and is therefore beyond the scope of authority conferred on prison administrators under Section 102(a) of the Administrative Agency Law, 2 Pa. C. S. §102(a); that the directive defining the policy is void because it was not advertised prior to publication pursuant to the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§11021-1602; and, finally, that enforcement of the policy constitutes a breach of contract with the "convict class" under the provisions of the Uniform Commercial Code (U.C.C.). Respondents have filed preliminary objections[2] to the petition for review challenging this Court's jurisdiction, and further arguing that Petitioner's claims are meritless as a matter of law.

We agree with Respondent that this Court lacks appellate jurisdiction over this case. Petitioner has filed his petition pursuant to Section 763(a) of the Judicial Code, *as amended,* 42 Pa. C. S. §763(a), which grants this court exclusive jurisdiction over appeals from "final orders" of government agencies. There has been no such order here. In *Robson v. Biester,* 53 Pa. Commonwealth Ct. 587, 420 A.2d 9 (1980), we stated that a decision by an intra-prison disciplinary tribunal is not a final adjudication by an administrative agency within this Court's appellate jurisdiction. *Id.* at 591, 420 A.2d at 12. The instant case falls short of even that procedural finality, as Petitioner appealed to this Court following only an informal appeal to the Superintendent. Nevertheless, the matter

---

[2] Respondents are understandably confused as to the nature of Petitioner's claim, and have apparently chosen to plead as though it were addressed to this Court's original jurisdiction, although Petitioner's invocation of the Court's appellate jurisdiction is challenged in the preliminary objections as well.

may be construed as a petition for review addressed to this Court's original jurisdiction pursuant to Section 761 of the Judicial Code, *as amended,* 42 Pa. C. S. §761, and we will accordingly treat it as such. *Robson* at 588, 420 A.2d at 11.

Respondent's remaining preliminary objections are also well taken. Most of Petitioner's contentions may be easily disposed of once a basic premise has been established: Petitioner has *no* constitutional right to possess a typewriter in prison. Although imprisonment may not operate to deprive an individual of his basic constitutional rights, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Robson* at 592, 420 A.2d at 12-13, quoting *Price v. Johnston,* 334 U.S. 266, 285 (1948). Matters of prison management are uniquely the province of the executive and legislative branches of the government. Our inquiry into such matters must therefore be limited to the question of whether or not a constitutional violation has occurred. *Robson* at 592, 420 A.2d at 12. Petitioner has raised no facts which might indicate any such violation.

Furthermore, as Respondents have also correctly argued, the directive defining the typewriter policy is merely an internal policy statement; it is not an administrative regulation within the purview of either the Administrative Agency Law or the Commonwealth Documents Law. *See Pennsylvania Human Relations Commission v. Norristown Area School District,* 473 Pa. 334, 374 A.2d 671 (1977).

Finally, we are prohibited from reaching Petitioner's claim under 42 U.S.C. §1983, by a recent decision of the Pennsylvania Supreme Court which holds that such claims are not within our original jurisdic-

tion under 42 Pa. C. S. §761(a) and must be addressed to the original jurisdiction of a court of common pleas. *Balshy v. Rank,* 507 Pa. 384, 490 A.2d 415 (1985); *Fawber v. Cohen,* 91 Pa. Commonwealth Ct. 559, 497 A.2d 697 (1985) (No. 579 C.D. 1985, filed September 10, 1985). Furthermore, because such claims were construed in *Balshy* to be "actions or proceedings in the nature of a trespass" within the meaning of Section 761(a)(1)(v) of the Judicial Code, we conclude that Petitioner's claim under the U.C.C. must also be transferred as a proceeding "in the nature of assumpsit relating to" such claim. 42 Pa. C. S. §761 (a)(1)(v).

For these reasons, we conclude that Petitioner has failed to state a cause of action upon which relief can be granted in this Court. Accordingly, Respondent's preliminary objections must be sustained, and the petition for review is dismissed. Petitioner's claims under 42 U.S.C. §1983 and the U.C.C. will be transferred to the appropriate court of common pleas.

ORDER

Now, November 20, 1985, Respondent's preliminary objections to Petitioner's petition for review are sustained. His claim under 42 U.S.C. §1983 and the Uniform Commercial Code are transferred to the Court of Common Pleas of Montgomery County. Pa. R.A.P. 751(a).