539 A.2d 69

Kirk Lawson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Corrections et al., Respondents.

Submitted on briefs October 29, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Kirk Lawson,* petitioner, for himself.

*Theodore G. Otto, III,* Chief Counsel, for respondents.

OPINION BY JUDGE MACPHAIL, March 24, 1988:

On April 8, 1987, Kirk Lawson (Petitioner) petitioned for our review of a decision of Glen R. Jeffes, Acting Commissioner (Commissioner) of the Department of Corrections (Department) denying Petitioner's grievance concerning his misconduct hearing.[1]

On approximately December 22, 1986, Petitioner, who had been granted pre-release status, was transferred from a state correctional institution to a community service center in Philadelphia. On December 29, 1986, a urine sample was taken from Petitioner for routine drug screening, and on December 31, 1986, a lab report was obtained indicating a positive result for marijuana. On January 5, 1987, Petitioner was notified that a misconduct charge had been filed against him alleging that he had made unauthorized use of a controlled substance. Following a hearing conducted on January 8, 1987, Petitioner was found guilty of the misconduct charge and his pre-release status was revoked.

In his petition for review, Petitioner argues that his pre-release status was revoked without due process of law in that he was not permitted to confront or cross-examine anyone with respect to the lab report upon which the Department relied to find him guilty of the misconduct charge.

Petitioner subsequently filed a motion for summary relief, and the Department filed a motion to dismiss for lack of jurisdiction. In his answer to the Department's motion to dismiss, Petitioner asserted that the Department's final letter denying his grievance was an adjudication subject to our appellate review because it was a

---

[1] On April 9, 1987, this Court granted Petitioner's request to proceed in forma pauperis, denied his request for appointment of counsel and ordered that the petition for review be treated as addressed to this Court's appellate jurisdiction.

final order of an agency and it affected a "personal right," specifically his interest in pre-release status.[2] Petitioner argues in the alternative that if this Court determines that the Department's decision is not a final adjudication of an administrative agency subject to our appellate review, then the petition for review should be construed as being within our original jurisdiction.

We turn now to Petitioner's argument that the Department's final letter denying his grievance constitutes an adjudication subject to our appellate review. In *Robson v. Biester*, 53 Pa. Commonwealth Ct. 587, 420 A.2d 9 (1980), we held that "[a] decision by an intra-prison disciplinary tribunal is not a final adjudication by an administrative agency within this Court's appellate jurisdiction." *Id.* at 591, 420 A.2d at 12.

We further refined our holding in *Robson* in *Al Samad v. Bureau of Corrections*, 93 Pa. Commonwealth Ct. 146, 500 A.2d 1242 (1985), where an inmate (Williams) advanced an argument similar to that made here by Petitioner. In *Al Samad*, Williams' grievance that delays in the commencement of his visits caused his visitation periods to be less than one hour was rejected by the Bureau (now Department) of Corrections (Bureau) Commissioner. On appeal to this Court, the Bureau argued that the Commissioner's decision was not an adjudication and was therefore not subject to our appellate review. We agreed but went on to explain that the reason the Bureau's decision was not an adjudication was because it did not implicate any of Williams' limited rights or privileges in that the Bureau regulations which

---

[2] In 2 Pa. C. S. §101, "adjudication" is defined as: "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."

granted inmates the privilege of receiving visitors also placed specific limits on that privilege.[3]

In *Waters v. Department of Corrections,* 97 Pa. Commonwealth Ct. 283, 509 A.2d 430 (1986), we considered an inmate's argument that he should be issued free writing implements and stationery to pursue his various lawsuits and be permitted to have certain articles in his cell. We determined the suit was not properly before us in our appellate jurisdiction because the inmate had not exhausted the administrative appeal procedure. However, we noted there our recent decision in *Al Samad* that the denial of an inmate's grievance is not an adjudication but emphasized that in *Al Samad,* "we specifically held that the Bureau's decision did *not* implicate any of Al Samad's limited visiting privileges granted under Bureau regulations." *Waters* at 290 n.5, 509 A.2d at 434 n.5 (emphasis in original).

It appears then that if an inmate can identify a personal or property interest which is not limited by Department regulations and which is affected by a final decision of the Department, the Department's decision in those circumstances may constitute an adjudication subject to our appellate review.

Keeping this in mind, we turn now to the instant case to determine whether the Department's denial of Petitioner's grievance implicates any of Petitioner's personal or property rights which are not limited by Department regulations.

We note that we have held that participation in work-release and pre-release programs is a special privilege granted for satisfactory behavior in prison. *Robson.* However, as in *Al Samad,* that privilege is a limited

---

[3] We state in *Al Samad* that the regulations "merely provide that visiting periods '*should* be no less than 1 hour in duration.' " *Al Samad* at 147, 500 A.2d at 1243 (emphasis in original).

one. Department regulations specifically provide that an inmate found guilty of a misconduct charge may be subject to suspension of privileges. *See* 37 Pa. Code §93.10(a)(2)(ii). Further, 37 Pa. Code §94.3(a)(10) specifies procedures for participation in pre-release programs and it provides in relevant part that an "inmate's privilege to participate in prerelease programs may be suspended or revoked for administrative or disciplinary reasons." We believe the instant case is analogous to *Al Samad* in that here the same regulations which Petitioner argues grant him a privilege also specifically limit the privilege.

Accordingly, we must hold here, as we did in *Al Samad*, that the Department's decision is not an adjudication subject to our appellate review because it does not implicate any rights or privileges not limited by Department regulations.

We turn now to Petitioner's argument that this case should be considered in our original jurisdiction if we determine that it is not reviewable in our appellate jurisdiction.

In *Martin v. Jeffes*, 93 Pa. Commonwealth Ct. 82, 501 A.2d 308 (1985), we considered an inmate's petition for review in our original jurisdiction pursuant to Section 761 of the Judicial Code, *as amended*, 42 Pa. C. S. §761, after we had determined that the action was not proper in our appellate jurisdiction. The inmate there argued that the prison's policy which restricted the possession of typewriters by inmates to particular models violated, *inter alia,* his United States constitutional rights to due process and equal protection of the law.

We stated there that:

Although imprisonment may not operate to deprive an individual of his basic constitutional rights, '[l]awful incarceration brings about the

necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." [Citations omitted.] Matters of prison management are uniquely the province of the executive and legislative branches of the government. *Our inquiry into such matters must therefore be limited to the question of whether or not a constitutional violation has occurred.*

*Martin* at 86, 501 A.2d at 310 (emphasis added).

It is clear then that where an inmate files an action in our original jurisdiction seeking review of Department action, our inquiry must be limited to a determination of whether a constitutional or statutory violation has occurred. *Martin; see also Inmates of B-Block v. Jeffes,* 87 Pa. Commonwealth Ct. 98, 483 A.2d 569 (1984). In *Martin,* we dismissed the inmate's action noting that one has no constitutional right to possession of a typewriter in prison and that therefore the inmate had raised no facts which could indicate a constitutional violation.

In the seminal case of *Wolff v. McDonnell,* 418 U.S. 539 (1974), our United States Supreme Court discussed the constitutional rights of prisoners. The Court there stated that while lawful imprisonment necessarily makes many rights and privileges of the ordinary citizen unavailable to the prisoner, a prisoner is not entirely stripped of constitutional rights. The Court stated that:

Prisoners . . . enjoy substantial religious freedom under the First and Fourteenth Amendments. They retain right of access to the courts. Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. Prisoners may also claim the protections of the Due Process Clause. They may not be deprived of

life, liberty, or property without due process of law.

*Id.* at 556 (citations omitted).

In this case, Petitioner argues that his pre-release status was revoked without due process of law in that he was not permitted to confront or cross-examine anyone with respect to the lab report upon which the Department relied to find him guilty of the misconduct charge. It is clear, however, that one has no constitutional right to either participate in a pre-release program, or to the confrontation and cross-examination of witnesses in prison disciplinary proceedings. *Robson; Wolff* at 568.[4] We conclude that Petitioner has raised no facts which indicate a constitutional violation, and therefore has failed to state a cause of action. *Martin.*

Accordingly, we grant Respondents' motion to dismiss.

## ORDER

Respondents' motion to dismiss in the above-captioned matter is granted and Petitioner's motion for summary relief is denied.

---

[4] In *Wolff,* the Court specifically stated that "it does not appear that confrontation and cross-examination are generally required in this context [disciplinary hearings]. We think that the Constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *Id.* at 568.