557 A.2d 1180

Lamont Ricketts, Petitioner *v.* Central Office Review Committee of The Department of Corrections, Respondent.

Submitted on briefs December 20, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lamont Ricketts,* petitioner, for himself.

*David B. Farney,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 9, 1989:

Before the Court is the motion of the Department of Corrections (Department) seeking to quash the appeal of Lamont Ricketts (Petitioner) from a decision of a prison misconduct hearing committee confining Petitioner to a prison Restricted Housing Unit (RHU). Because we conclude that a decision by a prison misconduct hearing committee does not constitute a final adjudication by an administrative agency within this Court's appellate jurisdiction, we grant the Department's motion to quash.

In May, 1987, Petitioner, who was incarcerated at SCI-Huntingdon, was charged with bringing contraband (marijuana) into the prison. The Department's Bureau of

Corrections-Administrative Directive 801 (BC-ADM 801) sets up an intra-prison disciplinary review tribunal and appeals process to administer prison discipline. Punishment for serious misconduct, such as bringing contraband into the prison, may be imposed by transferring an inmate from the general population to the RHU. The RHU is an area or group of cells used for the purposes of inmates assigned to administrative and disciplinary custody and for the temporary housing of inmates awaiting classification or available cell space.

Under BC-ADM 801, a prisoner charged with misconduct first receives a written notice of the charges and then a hearing before a hearing examiner. Decisions of the hearing examiner may be appealed first to a program review committee (PRC) consisting of three Department employees, then to the Superintendent of the prison, and finally to the Central Office of Review Committee (CORC) pursuant to Bureau of Corrections-Administrative Directive 804. CORC is a review panel within the Department's Office of Chief Counsel which conducts the final review of the prison misconduct charge.

Petitioner was originally sentenced to 360 days in the RHU for bringing marijuana into the prison. Petitioner appealed this decision first to the PRC, then to the Superintendent and finally to the CORC. By letter dated August 28, 1987, the CORC vacated the misconduct charge without prejudice. The letter stated, "The misconduct may, at the discretion of the charging officer, be rewritten." The misconduct charge was then rewritten and the parties proceeded anew. Petitioner received a second hearing in August of 1987 before a fresh hearing examiner, and once again was sentenced to 360 days in the RHU. Petitioner once again went through the same appeals process culminating in the CORC. This time the CORC reduced Petitioner's time in the RHU to 270 days, with credit for 120 days already served. Petitioner's visit-

ing privileges were reduced from a suspension of 360 days to 180 days on the grounds that a one year suspension was excessive. Petitioner has now appealed this second decision to this Court asserting that re-writing the misconduct charge and proceeding to a second hearing violates his due process rights under the Fourth and Fourteenth Amendments to the United States Constitution, citing *Wolff v. McDonnell,* 418 U.S. 539 (1974).

We note initially that Petitioner complains not that he has been denied a hearing in violation of his due process rights, but that the Department's policy allowing the misconduct charge to be re-written mandates too many hearings. This Court has now become the ninth forum to review or adjudicate whether or not Petitioner was guilty of bringing marijuana into the prison and what punishment, if any, Petitioner should receive.

In *Wolff* the United States Supreme Court held that there is a liberty interest in remaining in the general prison population that may not be denied without due process of law. Petitioner asserts that the CORC's decision to allow the Department to re-write the misconduct charge and proceed anew violates his rights under *Wolff*. Petitioner claims that he was unable to prepare properly for the second hearing and that the Department admitted illegal evidence in violation of its own directives. We must dismiss Petitioner's appeal for a number of reasons.

First, the decision of the CORC that vacated the initial hearing examiner's findings and allowed the Department to re-write the misconduct charge was dated August 28, 1987. Petitioner never appealed this decision. His appeal is from the second decision of the CORC on November 18, 1987, and was not filed until December 9, 1987. Since Petitioner challenges the first decision of the CORC which permitted the Department to re-write the charge, his appeal is untimely and must be dismissed for

lack of subject matter jurisdiction which we raise *sua sponte*. *See* Pa. R.A.P. 1512(a).

Second, implicit in Petitioner's appeal is his contention that the CORC decision is a final adjudication by an administrative agency and thus appealable. We have previously rejected such a contention *en banc* in *Robson v. Biester,* 53 Pa. Commonwealth Ct. 587, 420 A.2d 9 (1980):

> A decision by an intra-prison disciplinary tribunal is not a final adjudication by an administrative agency within this Court's appellate jurisdiction, 42 Pa. C.S. §763.

> Nor may we review such matters in a prisoner's civil action seeking redress for alleged deprivation of his constitutional rights. (Citations omitted.)

> First, the operation of correctional facilities is peculiarly within the province of the legislative and executive branches of the government and not the judicial branch. (Citations omitted.)

*Robson,* 53 Pa. Commonwealth Ct. at 591-592, 420 A.2d at 12. If the CORC is not an administrative agency the Department's motion to quash must be granted regardless of whether a *Wolff* due process violation exists. The *Wolff* line of cases which Petitioner relies on were all initiated under the aegis of 42 U.S.C. §1983. Section 1983 violations may be addressed in the federal district court. They have little place in this Court which is of limited jurisdiction.[1] Petitioner cites absolutely no authority for the proposition that an inmate misconduct appeal panel hearing internal prison grievances is an administrative agency rendering final, appealable orders. The CORC

---

[1] *But see Fawber v. Cohen,* 516 Pa. 352, 532 A.2d 429 (1987), holding that Section 1983 actions seeking injunctive and declaratory relief against state officials are within this Court's original jurisdiction.

panel's function is not analogous to a parole board revocation proceeding under *Morrissey v. Brewer*, 408 U.S. 471 (1972). The CORC panel does not preside over the fate of a paroled individual apprehended on the street and returned to prison. Rather, it is the function of the CORC panel to review an internal disciplinary sentence for an inmate already confined and to transfer that inmate to a more restrictive part of the prison.

We do not believe that the CORC panel's function can be compared to that of a parole board. We are unwilling to elevate the CORC panel to an administrative agency by comparing it to a parole board. The Supreme Court in *Wolff* reached a similar conclusion when it held that full *Morrissey* rights were not applicable in prison grievance matters. We have previously noted that there is a "crucial distinction" between an inmate already confined and a parolee already at liberty. *Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 333, 341, 514 A.2d 967, 971 (1986). We continue to apply this distinction to the present case by refusing to raise the CORC panel to the level of an administrative agency.

We recently re-affirmed our holding in *Robson* in *Lawson v. Department of Corrections*, 114 Pa. Commonwealth Ct. 573, 539 A.2d 69 (1988). In *Lawson* we concluded that a prisoner at liberty on pre-release status at a community service center who tested positive for drugs and was sent back to a state prison to serve the remainder of his sentence could not appeal to this Court because the Department's order was not a final order by an administrative agency. Similarly, we must conclude that a Department order transferring an already confined prisoner who brought drugs into the prison from his cell to another more restricted part of the prison is also not a final order by an administrative agency. Petitioner's appeal must be quashed.

ORDER

Now, May 9, 1989, Respondent's motion to quash the appeal is granted.

DISSENTING OPINION BY JUDGE CRAIG:

The procedures established for misconduct appeals require review by the program review committee (PRC), then by the superintendent of the prison, and finally by the Central Office Review Committee (CORC). BC-ADM 801.

Although the majority opinion here acknowledges that the petitioner is appealing the denial of his appeal by CORC, it relies on our decision in *Robson v. Biester,* 53 Pa. Commonwealth Ct. 587, 420 A.2d 9 (1980) for the proposition that CORC is not an administrative agency rendering final, appealable orders. In *Robson,* the petitioner had only completed the first step in the appeal process, review by the the PRC. *Id.* at 589, 420 A.2d at 11. Accordingly, the court held that the decision by the intra-prison disciplinary tribunal, the PRC, was not a final adjudication by an administrative agency.

By contrast, CORC is an inter-prison tribunal. CORC hears appeals from all state prisons throughout the Commonwealth. The members of CORC are the Commissioner, Deputy Commissioner, Chief Counsel or their designees. BC-ADM 804 IX D. Accordingly, CORC is an administrative agency rendering final appealable orders.

Moreover, the petition for review in this case was timely filed. Had the petitioner appealed from the first decision of CORC, the petition would have been dismissed as premature because the order clearly indicated that further proceedings were to take place. *See e.g. Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980).

Where, as here, a timely petition for review is filed from a final decision of CORC, this court must review the

agency decision for compliance with the due process procedures required by the United States Supreme Court in *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff* the Court held that an inmate is entitled to due process before prison officials may revoke good time credits or impose disciplinary confinement for serious misconduct. Minimum procedural safeguards are required "as a hedge against arbitrary determination of the factual predicate for imposition of the sanction." *Id.* at 571 n.19. Petitioner in this case alleges that allowing prison authorities to rewrite misconduct charges violates *Wolff.* Rewriting charges after the inmate has successfully appealed and had the finding of guilt vacated allows prison authorities to tailor the new charges to the evidence already adduced, insuring a finding of guilt. Such a practice allows the "arbitrary determination of the factual predicate for imposition of the sanction," and therefore, violates due process.

Therefore, because the petitioner has identified facts from which the court can conclude that the procedures required by *Wolff* may have been violated, I would deny the motion to quash.