635 A.2d 217

Roger Peter BUEHL, Petitioner,

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS;**
Joseph Lehman, Acting Commissioner; Theodore
Otto, III, Chief Counsel, Respondents.

Roger Peter BUEHL, Petitioner,

v.

Joseph LEHMAN, Acting Commissioner, Pennsylvania Department of Corrections and Donald Vaughn, Superintendent State
Correctional Institution at Graterford, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1991, June 14, 1991.

Decided Sept. 20, 1991.

Publication Ordered Dec. 9, 1993.

2

Roger Buehl, pro se.

Theodore H. Otto, III, David B. Farney and Frank Micale, for respondents.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

The respondents (collectively, department) have filed preliminary objections to Roger Buehl's consolidated petitions for review. The petitions are addressed both to our original and appellate jurisdiction. We sustain the preliminary objections.

Buehl, an inmate, wrote to the Superintendent of the State Correctional Institution of Graterford stating two grievances.

These grievances concerned attorney visitation procedures and food service for inmates in the restricted housing unit. The superintendent failed to take any corrective action regarding Buehl's complaints. Buehl then wrote to the commissioner of the department. Robert Bitner responded on behalf of the commissioner and informed Buehl that all grievances must be addressed through the department's internal grievance procedures. He also explained that by failing to use these procedures Buehl was not eligible for central office review.

Buehl again wrote to the commissioner requesting reconsideration. Theodore G. Otto, III, Chief Counsel to the department, replied that the proper channel for raising grievances is through the department's internal grievance procedures and denied Buehl's reconsideration request.

Buehl filed both an appeal from Otto's letter and an original jurisdiction action challenging the "department's actions."[1]

### LETTER AS APPEALABLE ADJUDICATION

Buehl argues that Otto's letter constitutes an adjudication appealable to this court. We disagree.

2 Pa.C.S. § 101 defines "adjudication" as "[any] final order, decree, [or] decision ... affecting personal or property rights, [or] privileges...." Although department regulations grant inmates attorney visitation privileges and provide food service,[2] the regulations specifically limit these rights and privileges.[3]

1. Pursuant to an order of December 18, 1990, these actions were consolidated. Both cases were based on similar alleged inadequacies and/or violations of department regulations, and both actions are essentially against the department.

2. General inmate visiting privileges are set forth in 37 Pa.Code § 93.3. Section 93.3(c) specifically provides for attorney visitation. Title 37 Pa.Code § 93.12 mandates that procedures be established by the institution to provide appropriate nutrition for the inmates.

3. In *Robson v. Biester*, 53 Pa.Commonwealth Ct. 587, 420 A.2d 9 (1980), we stated that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* at

In *Al Samad v. Bureau of Corrections*, 93 Pa.Commonwealth Ct. 146, 500 A.2d 1242 (1985), an inmate complained about visitation procedures. The commissioner rejected the inmate's grievance and an appeal followed. We dismissed the inmate's appeal, holding that the commissioner's decision was not an adjudication because it did not implicate any of the inmate's limited rights or privileges and the bureau had regulations limiting visiting procedures. *Id.* at 148, 500 A.2d at 1243.

In *Lawson v. Commonwealth*, 114 Pa.Commonwealth Ct. 573, 539 A.2d 69 (1988), an inmate sought review of the commissioner's decision denying his grievance on the revocation of his pre-release status. We dismissed the appeal, holding that participation in work-release and pre-release programs is a limited privilege which the department specifically regulates; therefore, the department's decision was not an adjudication because it did not implicate any rights or privileges not limited by its regulations. *Id.* at 578, 539 A.2d at 71.

Here, the department had expressly regulated the rights and privileges about which Buehl complained. Otto's letter also addressed rights and privileges which were limited by department regulations. Therefore, in accordance with the controlling case law, we hold that Otto's letter was not an appealable adjudication and we lack appellate jurisdiction.

### ORIGINAL JURISDICTION ACTION
### FOR DECLARATORY RELIEF

■ Buehl's original jurisdiction petition requests two forms of declaratory relief.[4] In response to both, the depart-

592, 420 A.2d at 13 (citing *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1059, 92 L.Ed. 1356 (1948)).

4. First, Buehl requests declaratory judgment that all department actions be deemed adjudications and, therefore, appealable to this court pursuant to Article V, § 9 of the Pennsylvania Constitution and 42 Pa.C.S. § 5105. Article V, § 9 provides that "there shall also be a right of appeal from ... an administrative agency ... to an appellate court...." Title 42 Pa.C.S. § 5105(a) provides that "[t]here is a right to appeal ... from the final order ... of every: ... (2) [g]overnment

ment filed preliminary objections asserting that Buehl fails to state a claim upon which relief can be granted.

In this case, granting declaratory judgment would be inappropriate because declaratory judgment is not available with respect to a "[p]roceeding involving an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c)(3). Moreover, when "ancillary proceedings can be utilized to resolve issues raised in a declaratory judgment petition, the declaratory judgment action should be dismissed." *Prudential Property and Casualty Insurance Co. v. McDaniel,* 342 Pa.Superior Ct. 557, 559, 493 A.2d 731, 732 (1985).

Here, Buehl has failed to use the internal grievance procedures available to him. Despite receiving two letters explaining the appropriate way to handle his grievances, Buehl undauntedly brought an action to this court seeking declaratory judgment. The law is clear that declaratory judgments should not be an available remedy for those who have failed to first use appropriate agency procedures. Therefore, because Buehl failed to use the internal grievance procedures available to him, declaratory judgment is inappropriate and his claim is dismissed.

We sustain the department's preliminary objections. Buehl's petitions are dismissed.

## ORDER

We sustain the preliminary objections of the Pennsylvania Department of Corrections and dismiss the petitions for review.

---

unit which is an administrative agency...." Second, Buehl requests declaratory judgment on whether an inmate has a right to use the General Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 31.1–35.251, during a department proceeding.