# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Rokita Jr.,            :
          Petitioner       :
                         :   No.  26 M.D. 2020
                         :
          v.              :
                         :   Submitted:  August 21, 2020
PA Department of Corrections,   :
          Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED:  February 3, 2021

Before the Court are the preliminary objections filed by the Pennsylvania Department of Corrections (DOC) to the *pro se* Petition for Review (Petition) filed by Mark Rokita, Jr. (Rokita), an inmate at State Correctional Institution at Houtzdale (SCI-Houtzdale).  DOC asserts that this Court lacks jurisdiction over the Petition, and that Rokita has failed to state a claim upon which relief can be granted.  For the reasons that follow, we sustain DOC's demurrer.

Rokita challenges the imposition of taxes upon his use of telephones at SCI-Houtzdale.  As set forth in the Petition, on September 27, 2019, Rokita filed a grievance contending that he was arbitrarily being taxed twice for his telephone calls

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

to family and friends—once when he purchased telephone time and again when he used the time.  (Petition ¶1.)  The grievance responder denied the grievance, informing Rokita that telephone time is taxed at 6% at the time of purchase, and that there is a usage tax of 5% for all debit calls.  (Petition, Exhibit B.)  The grievance responder further suggested that inmates "who do not wish to pay these fees, may elect not to use the phones."  *Id.*  Rokita's appeals of the grievance decision were denied.

Rokita then sought review in this Court, claiming that this Court may exercise jurisdiction under both 42 Pa.C.S. §761 (original jurisdiction) and 42 Pa.C.S. §763 (direct appeals from government agencies).  Referencing a federal tax statute,[2] Rokita contends that, even though his use of the telephone system is a privilege, "there should still be fiscal laws applied."  (Petition ¶5.)  Rokita compares the circumstance to the purchase of a vehicle, where "one pays a tax initially, but is not forced to pay a tax each time they [sic] drive the vehicle."  *Id.*  Further asserting constitutional violations, Rokita claims that the alleged double taxation violates his right to be free from "cruel and unusual punishment" under the Eighth Amendment to the United States Constitution.[3]  (Petition ¶6.)  He additionally refers to a potential due process[4] violation, claiming that the participants in the resolution of his grievance "would have

---

[2] Rokita cited a provision of the Internal Revenue Code providing for a 3% tax on amounts paid for communications services, including local and toll telephone services.  *See* 26 U.S.C. §4251(a), (b)(2).  This section, however, does not prohibit states from imposing taxes upon such services, and Rokita cites no authority for such a proposition.

[3] U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").  The Eighth Amendment's "cruel and unusual punishments" clause is applicable to the States under the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660 (1962); *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947).

[4] *See* U.S. CONST. amend. XIV ("[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law").

something to gain or loose [sic] by the findings of [Rokita's] claim," thus purporting to demonstrate bias on the part of DOC officials. *Id.*

In its preliminary objections, and its brief in support thereof, DOC observes that this Court lacks original jurisdiction over claims "not involving constitutional rights not limited by [DOC]." (Preliminary Objections ¶5 (quoting *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998); *Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750 (Pa. Cmwlth. 2003)); DOC's Br. at 12.) DOC asserts that inmates have no constitutional right to use a telephone. (Preliminary Objections ¶5 (citing *Feigley v. Pennsylvania Public Utility Commission*, 794 A.2d 428, 432 (Pa. Cmwlth. 2002) (*en banc*); *Chimenti v. Pennsylvania Department of Corrections*, 720 A.2d 205, 213 (Pa. Cmwlth. 1998)); DOC's Br. at 13). Accordingly, because it asserts that there is no constitutional right at issue, DOC contends that this Court lacks original jurisdiction over the Petition.

DOC further advances a demurrer, asserting that Rokita is unable to state a claim under the Eighth Amendment, again because he has no freestanding constitutional right to use a telephone, and because the imposition of a tax upon his voluntary use of a telephone does not constitute "punishment" within the meaning of the Eighth Amendment. (Preliminary Objections ¶6 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); DOC's Br. at 14-15.) Finally, DOC contends that Rokita is unable to state a claim of a due process violation in the grievance procedure, because inmates have no constitutional right to a grievance procedure. (Preliminary Objections ¶7 (citing *Luckett v. Blaine*, 850 A.2d 811, 820 (Pa. Cmwlth. 2004)); DOC's Br. at 15-16.) DOC further asserts that Rokita's due process claim fails because he failed to plead sufficient facts in support thereof, advancing only conclusory claims of bias on the part of the grievance responders. (DOC's Br. at 16.)

3

Rokita filed a response to the DOC's preliminary objections, but has not filed a brief in this matter.[5] Challenging the DOC's assertion that there is no constitutional right implicated here, Rokita alludes to a right to communicate with friends and family that is protected under the First Amendment to the United States Constitution,[6] and further refers to principles of equal protection of the laws, protected by the Fourteenth Amendment to the United States Constitution. (Response to Preliminary Objections ¶¶2-3.) With respect to the claims raised in the Petition, Rokita asserts that "[p]rison conditions which might not ordinarily violate [the] Eighth Amendment may nonetheless do so if [they persist] over an extended period of time." *Id.* ¶5 (citing *Dixon v. Godinez*, 114 F.3d 640 (7th Cir. 1997)). Because Rokita has been subject to the challenged taxation for nearly a decade, he asserts that the tax rises to the level of an Eighth Amendment violation. *Id.* With regard to his due process claim, Rokita again asserts that participants in the grievance process were biased against him. *Id.* ¶6.

> In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Christ the King Manor v.* [*Department of Public*] *Welfare*, 911 A.2d 624 (Pa. Cmwlth. 2006) (*en banc*). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For

[5] On July 1, 2020, this Court issued an order noting that Rokita's brief in opposition to DOC's preliminary objections was due on June 15, 2020, but had not been filed. We directed Rokita to file his brief no later than July 16, 2020, or we would proceed without it. To date, Rokita has not filed his brief in opposition.

[6] U.S. CONST. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Key v. Pennsylvania Department of Corrections*, 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018).

At the outset, we decline to dismiss Rokita's action for a lack of subject matter jurisdiction. It is well-established that this Court's original jurisdiction is "not available 'in a case not involving constitutional rights not limited by the [DOC].'" *Weaver*, 829 A.2d at 751 (quoting *Bronson*, 721 A.2d at 359). Our Supreme Court in *Bronson* explained that, unless "'an inmate can identify a personal or property interest . . . not limited by [the] Department [of Corrections'] regulations and which has been affected by a final decision of the [D]epartment' the decision is not an adjudication subject to the [Commonwealth Court's] review." *Bronson*, 721 A.2d at 359 (quoting *Lawson v. Department of Corrections*, 539 A.2d 69, 71 (Pa. Cmwlth. 1988)). In his Petition, Rokita asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment. This is a constitutional right that DOC is not entitled to deprive an individual.[7] Because Rokita has asserted a violation of a constitutional right not limited by DOC regulation, and because his action is "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," this Court may exercise original jurisdiction under 42 Pa.C.S. §761(a).[8]

---

[7] *See Rhodes v. Chapman*, 452 U.S. 337, 352 (1981) ("Courts certainly have a responsibility to scrutinize claims of cruel and unusual confinement, and conditions in a number of prisons, especially older ones, have justly been described as 'deplorable' and 'sordid.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)).

[8] To the extent that Rokita seeks to invoke our appellate jurisdiction, as indicated by his citation of 42 Pa.C.S. §763 in the Petition, we note that long-settled precedent makes clear that this Court lacks appellate jurisdiction over an appeal from the denial of an inmate grievance. *See Bronson*,

**(Footnote continued on next page…)**

5

The insurmountable hurdle for Rokita is not jurisdictional, but rather that his averments fail to support the constitutional violations that he asserts. With regard to "cruel and unusual punishment" in the penal context, this Court has explained:

> "[D]eficiencies and inadequacies in prison conditions do not necessarily violate the Eighth Amendment. The amendment is violated only where an inmate is deprived of 'the minimal civilized measure of life's necessities.'" *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A violation requires proof that the "deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting him to that deprivation." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). Courts should not use a static test in determining whether confinement conditions are cruel and unusual punishment, because the "Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Rhodes*, 452 U.S. at 346. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. However, "the prison environment itself may not be so brutal or unhealthy as to be in itself a punishment." *Tillery*, 907 F.2d at 426.

---

721 A.2d at 358-59 ("Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the 'full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding . . . .' [*Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974))]. Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa.C.S. § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals."); *Weaver*, 829 A.2d at 751 (noting that *Bronson* "held that the Commonwealth Court does not have *appellate* jurisdiction over inmate appeals of decisions by intra-prison disciplinary tribunals, such as grievance and misconduct appeals") (emphasis in original).

6

*Lopez v. Department of Corrections*, 119 A.3d 1081, 1090-91 (Pa. Cmwlth. 2015), *aff'd*, 144 A.3d 92 (Pa. 2016) (citations modified).

The "cruel and unusual punishment" that Rokita asserts is the imposition of taxes upon his use of prison telephones. On the surface, there is nothing to indicate that these taxes constitute punishment for a crime. Although the conditions of confinement certainly can rise to the level of an Eighth Amendment violation, Rokita has not alleged that the conditions to which he is subject are "brutal or unhealthy," or that he has been deprived of "the minimal civilized measure of life's necessities." *Id.* at 1090-91 (quoting *Tillery*, 907 F.2d at 426). Rokita has not alleged that he is subject to dangerous or inhumane conditions with respect to which prison officials have acted with "deliberate indifference." *Id.* at 1091 (quoting *Griffin*, 112 F.3d at 709). Rather, Rokita complains of taxes that he would prefer to avoid, based upon his understanding of an inapposite provision of federal law, and a comparison to the purchase of an automobile. On the facts averred, we cannot conclude that the challenged taxes amount to punishment at all, let alone "cruel and unusual punishment" within the meaning of the Eighth Amendment. As such, we sustain DOC's demurrer with respect to this claim.

With regard to Rokita's claim of a due process violation in the resolution of his grievance, Rokita makes a bald assertion that DOC personnel exhibited bias arising from a purported personal interest in the outcome of his grievance. Specifically, Rokita suggests that the individuals who reviewed his grievance "would have something to gain or loose [sic] by the findings of [Rokita's] claim," thus raising a specter of impropriety in the grievance process. (Petition ¶6.) Rokita pleads no facts in support of this assertion. Indeed, Rokita does not identify what DOC personnel purportedly stood to gain or lose from the outcome of his grievance. We find that

7

Rokita's conclusory assertion of bias falls into the category of "unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion," which we need not accept as true for purposes of ruling on preliminary objections. *Key*, 185 A.3d at 423 n.3. Absent any factual averments to support the claimed deprivation of due process, we sustain DOC's demurrer with regard to this claim as well.

DOC's preliminary objection is sustained.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Rokita Jr.,                              :
               Petitioner                   :
                               :   No.  26 M.D. 2020
                v.                          :
                               :
PA Department of Corrections,                 :
               Respondent                   :

## ***ORDER***

AND NOW, this 3rd day of February, 2021, the preliminary objection of the Pennsylvania Department of Corrections is SUSTAINED.  The Petition for Review is DISMISSED.

_____
PATRICIA A. McCULLOUGH, Judge