**Franklin LOTT, Plaintiff,**

v.

**Manuel A. ARROYO, et al., Defendants.**

**Civ. A. No. 90–6689.**

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1991.

Franklin Lott, pro se.

Sue Ann Unger, Atty. General's Office, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

GAWTHROP, District Judge.

Plaintiff brings this *pro se* civil rights action, under 42 U.S.C. § 1983, for alleged violation of his due process rights during a hearing on his transfer from one correctional facility to another. He seeks injunctive relief and a monetary award against prison officials, for their alleged constitutional misconduct in transferring him out of a group home and returning him to more restrictive, old-fashioned, jail-cell type incarceration. In an earlier ruling, I dismissed all but plaintiff's due process claims.

Defendants have now filed an unopposed motion for summary judgment under Fed. R.Civ.P. 56. They contend that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Specifically, defendants argue that the reassignment of a prisoner from one correctional facility to another does not implicate a constitutionally protected liberty interest, and that absent this essential predicate, plaintiff cannot maintain a cause of action for violation of either his substantive or his procedural due process rights. Hence, they argue, they are entitled to judgment as a matter of law.

## Background

The plaintiff, Mr. Lott, is currently an inmate at the State Correctional Institution at Graterford, serving five to ten years for voluntary manslaughter. On May 24, 1990, he was placed on pre-release status at the Volunteers of America Group House. On August 15, 1990, in a random screening for drug or alcohol abuse, plaintiff's urine sample tested positive for cocaine, use of which violated the conditions of his pre-release program at the group house. Officials at the group house determined that plaintiff should be transferred to a more secure setting at Graterford. There he had a misconduct hearing. He was not, however, timely served with the misconduct notice. Because of this procedural error, prison officials dismissed the charge of drug abuse. Plaintiff, however, was not returned to the group house.

Several weeks later, on September 7, 1990, prison officials held an administrative hearing. Plaintiff was given an opportunity to submit an inmate's statement as part of the record and did so. He denied having used cocaine. He also denied having a drug problem. The hearing committee determined, nevertheless, that the test results showed that plaintiff had a drug abuse problem that would preclude his continued participation in the pre-release program at the group house. Plaintiff appealed thrice. First, to the program review committee, second, to the Superintendent Vaughn at Graterford, and third, to the Commissioner of the Department of Corrections, Commonwealth of Pennsylvania, for final review. In each instance, the administrative decision to revoke his pre-release status was affirmed. The final review board, four-member panel of the Central Office Review Committee, examined the record. They found that Mr. Lott suffered no harm by the ten-day delay in serving him with a report of his drug-related misconduct and upheld the decision of the administrative board. Plaintiff then brought this suit alleging that his due process rights were violated by the decision by prison officials to transfer him from the group home to the correctional facility.

## Discussion

Summary judgment is proper "if the pleadings, depositions, answers to the interrogatories, and admission on file, together with the affidavits ... show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). There is no issue for trial unless evidence in the record would permit a jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Defendants contend that there is no legal theory upon which plaintiff could prevail, and that therefore, as a matter of law they are entitled to judgment in their favor.

Plaintiff was at all times a prisoner in the custody of the Pennsylvania Department of Corrections. His transfer from the group home back to the correctional facility is considered a change in custody status. The constitution does not provide prisoners with an independent right to any specific custody status. *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976); *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye,* 427 U.S. at 242, 96 S.Ct. at 2547. Thus, plaintiff has no right under the United States Constitution to remain at the group home. Nor does he have a legally protected interest in his pre-release status at the group home under Pennsylvania state law or regulations. *see Wright v. Cuyler,* 517 F.Supp. 637 (E.D.Pa.1981). Therefore, an inmate whose pre-release program privileges were revoked has no constitutional enforceable right to participate in the program. *Lawson v. Department of Corrections,* 114 Pa.Commw. 573, 539 A.2d 69 (1988). Absent a legally protected interest, the plaintiff has no cause of action for violation of

**510**

due process. *See, Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Viewing the evidence in the light most favorable to the non-moving party, as I must at this juncture, the law is such that Mr. Lott could not prevail; hence, I shall grant defendants' motion for summary judgment.