**Michael CONWAY, aka Amin Ali Bey, Appellant,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Martin Horn, Commissioner.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 1996.

Decided Nov. 4, 1996.

Michael Conway, pro se, petitioner.

Shawn P. Kenny, Assistant Counsel, for appellees.

Before McGINLEY and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal by Michael Conway, a.k.a. Amin Ali Bey, from a Cumberland County Court of Common Pleas order sustaining preliminary objections and dismissing appellant's action pertaining to urine testing.

A review of the record clearly demonstrates that we can add nothing to the comprehensive and extremely lucid opinion of the Honorable J. Wesley Oler, Jr. in this matter and on the basis of his opinion, attached hereto as Appendix "A," we affirm the order appealed.

*ORDER*

AND NOW, this 4th day of November, 1996, the order of the Court of Common Pleas of Cumberland County, No. 95–6733, dated March 25, 1996, is hereby affirmed.

Appendix "A"

In the Court of Common Pleas Cumberland County, Pennsylvania

Michael Conway, a/k/a Amin Ali Bey, Petitioner,

v.

Pennsylvania Department of Corrections, Martin Horn, Commissioner, Respondents.

Civil Action—Law No. 95–6733 Civil Term

May 21, 1996

*IN RE: OPINION PURSUANT TO PA. R.A.P. 1925*

OLER, Judge.

In this action in the nature of a mandamus proceeding [1] an inmate of a state correctional institution has appealed pro se from an order of this court sustaining Respondents' preliminary objections and dismissing the action. This opinion in support of the court's order is written pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

*PROCEDURAL HISTORY; STATEMENT OF FACTS*

Petitioner is Michael Conway, also known as Amin Ali Bey. At the time of the initiation of this action he was an inmate at the State Correctional Institution at Camp Hill in Cumberland County, Pennsylvania; he is presently an inmate at the State Correctional Institution at Smithfield in Huntingdon

---

1. The document filed by Petitioner to institute the action was entitled "Motion for Production of Urine, for Mass Spectrometry Testing." The relief requested is discussed in the text *infra*.

County. Respondents are the Pennsylvania Department of Corrections, and Commissioner Martin Horn.

On November 22, 1995, Petitioner filed with the Cumberland County Prothonotary a document entitled "Motion for Production of Urine, for Mass Spectrometry Testing." The gist of the motion was that Petitioner had been in a prerelease program at a halfway house in Harrisburg, that a random test of his urine produced a positive result for opiates, that as a result of the test he was removed from the halfway house and returned to a state correctional institution, that a parole release which he had anticipated was not at this time being recommended, and that the test result must have been caused by his consumption of "a steady quantity" of salad dressing containing poppy seeds.

In support of the latter proposition, Petitioner attached an excerpt from a newspaper or magazine article, reading as follows:

**Watch those poppy seeds**

As drug screening is becoming more common in the workplace, it's amazing what can skew the results. In fact, you might want to skip that poppy seed bagel if a drug test is on your agenda.

Dr. Paul Orsulak, professor of psychiatry at the University of Texas Southwestern Medical Center in Dallas, says that even the small amount of opium in one bagel topped with poppy seeds might not alter your mood, but it can cause a positive result in some routine drug-screening tests.

The motion contended that the Department's actions constituted a violation of Petitioner's due process rights. It asserted that he "ha[d] been deprived of his liberty based on the misleading results of a scientific procedure."

---

2. Order of Court, November 22, 1995.

3. *See* Pa.R.C.P. 1007 (civil action to be commenced by filing of praecipe for writ of summons or complaint).

4. Order of Court, February 21, 1996.

The motion included an offer by Petitioner to bear the expense of a more sophisticated test of his urine. Relief requested by the Petitioner was an order directing the Department to retest the urine and to return him to his previous status.

The motion of Petitioner also included a request that he be permitted to proceed in forma pauperis. The court granted this request.[2]

A number of preliminary objections to Petitioner's motion were filed by Respondents on December 18, 1995. These included an objection based upon the absence of a proper method of commencing the action[3] and a demurrer.

In response to an additional request by Petitioner for free legal representation, the court appointed counsel to represent him.[4] Argument on Respondents' preliminary objections was heard by this court on March 22, 1996. At the argument, Petitioner's counsel indicated that his client was no longer representing that he would bear the cost of a new test.[5]

Following the argument, the court issued the order presently on appeal:

AND NOW, this 25th day of March, 1996, upon consideration of Respondents' Preliminary Objection in the nature of a demurrer to Petitioner's Motion for Production of Urine, for Mass Spectrometry Testing, and following oral argument, the preliminary objection is SUSTAINED and the motion is DISMISSED. *See Wilder v. Department of Corrections*, Pa.Commw., [673] A.2d [30] (No. 304 M.D.1995) (March 13, 1996) (dismissing inmate's mandamus action where prerelease status was revoked due to allegedly misleading drug test result).[6]

---

5. *See* Order of Court, March 25, 1996 (note 1).

6. Order of Court, March 25, 1996 (footnotes omitted).

A copy of the Commonwealth Court's opinion in *Wilder* was attached to the order.

## DISCUSSION

In *Wilder v. Department of Corrections,* Pa.Commw., 673 A.2d 30 (1996), the Commonwealth Court addressed a petition of an inmate at a state correctional institution which "essentially [sought] a writ of mandamus to require the Department [of Corrections] to reinstate him to his pre-release status [at a halfway house]."[7] In *Wilder,* a revocation of the petitioner's prerelease status, and his return to a state prison where parole was no longer being recommended, had been prompted by a false positive urine test for cocaine—a result of his use of medication.

In sustaining a demurrer filed by the Department of Corrections to the inmate's petition, the *Wilder* Court first noted that "[m]andamus is an extraordinary remedy through which a court of competent jurisdiction compels a public official, board or municipality to perform a mandatory duty or ministerial act where (1) the petitioner has a legal right to enforce the performance of that act, (2) the defendant has a corresponding duty to perform the act, and (3) there is no other adequate or appropriate remedy."[8]

> Petitioner contends that he had a liberty interest in his pre-release status, including the [halfway house] placement, and that the Department's revocation of his pre-release status violated his due process rights.

7. *Wilder v. Department of Corrections,* 673 A.2d 30, 31 (Pa.Cmwlth.1996).

8. *Id.,* 673 A.2d at 31–32.

9. *Id.,* 673 A.2d at 32 (citations omitted).

10. *Id.*

11. *Id.*

12. *Id.,* 673 A.2d at 33.

13. *Id.*

14. 673 A.2d 30 (Pa.Cmwlth. 1996); *see also Lawson v. Commonwealth of Pennsylvania, Department of Corrections,* 114 Pa.Commw. 573, 539 A.2d 69 (1988); *Lott v. Arroyo,* 785 F.Supp. 508 (E.D.Pa.1991).

In order to determine whether a constitutional violation has occurred, a determination must initially be made that a protected liberty interest exists and, if so, what process is due. Protected liberty interests may be created by either the Due Process Clause itself or by state law.[9]

After analyzing a number of cases in this area, the Commonwealth Court in *Wilder* held that "the Due Process Clause does not create a liberty interest in a prisoner's participation in a pre-release program."[10] The Court further held that "[t]here is also no state-created liberty interest in the pre-release status that is protected by the Due Process Clause because the revocation is not the type of deprivation of the freedom from restraint required. . . ."[11]

"Because [the p]etitioner failed to establish a liberty interest with due process protection," the Commonwealth Court concluded in *Wilder,* "he ha[d] no clear legal right to relief and mandamus [was] unavailable."[12] Accordingly, "the [Department of Corrections'] preliminary objection [was] sustained. . . ."[13]

The alleged facts of the present case, and the relief sought by Petitioner, are so similar to those addressed by the Commonwealth Court in *Commonwealth v. Wilder [Wilder v. Department of Corrections],*[14] that a ruling in favor of Petitioner would, in this court's view, have represented an unwarranted disregard of applicable authority. For these reasons,

This court has not attempted to construe Petitioner's motion as a habeas corpus petition. He has not alleged that Cumberland County was the source of his sentence, as would be necessary for a challenge in this court to the legality of his continued incarceration, under Pennsylvania Rule of Criminal Procedure 1701(a). Nor has he challenged the conditions of his confinement as that term is commonly understood under Rule 1701(b).

Because of the court's disposition of this case, it is unnecessary to discuss other preliminary objections raised by Respondents. This court has also not undertaken *sua sponte* a review of whether Petitioner's action might more appropriately have been filed as a petition for review or other request for relief in the Commonwealth Court.

the order dismissing Petitioner's motion was entered.