**Donald BOWERS, Petitioner**

**v.**

**T–NETIX and Verizon Phone Service and Pa. Dept. of Corrections (Jeffrey Beard), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 2003.

Decided Dec. 2, 2003.

---

Donald Bowers, petitioner, pro se.

Michael J. McGovern, Camp Hill, for respondent.

BEFORE: SMITH–RIBNER, Judge and LEADBETTER, Judge and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Before the Court are the preliminary objections of the Pennsylvania Department of Corrections and Jeffrey Beard (collectively, Department) to Donald Bowers' *pro se* petition for review which was filed pursuant to our original jurisdiction under Section 761 of the Judicial Code, 42 Pa. C.S. § 761, and Pa. R.A.P. 1502. We sustain the Department's preliminary objections, and therefore, dismiss Bowers' petition for review.

Bowers is an inmate at the State Correctional Institution at Cresson. On March 6, 2003, he filed a petition for review alleging that a contract which the Department entered into with T–Netix and Verizon Phone Service (collectively, Verizon) violates the federal Telecommunications Act of 1996 (Telecommunications Act)[1] and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL).[2] According to Bowers, the contract at issue names Verizon as the exclusive provider of long-distance and local telephone service for inmates of the Department's correctional facilities. As such, inmates are restricted to using only Verizon services when making telephone calls.

Bowers alleges in his petition that the contract violates federal and state law because (1) as an inmate, he is prevented from using any third-party long-distance providers other than Verizon, (2) Verizon refuses to reimburse him for telephone calls that are disconnected, interrupted or have bad connections and (3), Verizon charges long-distance rates for local area calls. Specifically, Bowers asserts that Verizon charged him $2.60 for a fifteen-minute local telephone call which should

[1]. 47 U.S.C. §§ 251–260.

[2]. Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§ 201–1—201–9.3.

have been free and that he was denied reimbursement from Verizon for a telephone call that he made on February 10, 2003 which was disconnected.[3]

On May 2, 2003, the Department filed preliminary objections, arguing that Bowers' petition should be dismissed for failure to state a claim. Bowers timely filed a brief in opposition to the Department's preliminary objections.

■■■■ We must determine whether Bowers' claims based on the Telecommunications Act and the UTPCPL should be dismissed for failure to state a claim upon which relief can be granted. In considering preliminary objections, we accept as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Chimenti v. Dep't of Corrections*, 720 A.2d 205 (Pa.Cmwlth.1998), *aff'd*, 559 Pa. 379, 740 A.2d 1139 (1999). However, we are not required to accept as true legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

## I. *TELECOMMUNICATIONS ACT*

■■■ Bowers alleges in his petition that the Department's exclusive phone service contract with Verizon violates the Telecommunications Act because it does not require Verizon to bill other third-party telephone service providers, which might result in lower rates. In its preliminary objections, the Department demurs to this claim, arguing that the terms of the Telecommunications Act do not apply to the Department. We agree.

The Telecommunications Act was created as an amendment to the Communications Act of 1934 (Communications Act) [4] to eliminate exclusive telecommunications franchises and to allow competing telephone companies to enter the local telephone service market. *MCI WorldCom Communications, Inc. v. Pub. Util. Comm'n*, 826 A.2d 919 (Pa.Cmwlth.2003).

Briefly, the Telecommunications Act requires telecommunications carriers and local exchange carriers to interconnect and sets forth the means through which they can accomplish interconnection. It also obligates telecommunications carriers to make services accessible to individuals with disabilities and to achieve public telecommunication network interconnectivity. In addition, the Telecommunications Act prohibits state and local laws which create barriers to market entry by telecommunications carriers.

Section 153 of the Communications Act (relating to definitions) provides in relevant part that a telecommunications carrier is "any provider of telecommunications services.[5]" 47 U.S.C. § 153(44). Moreover, a local exchange carrier is "any person that is engaged in the provision of telephone exchange service [6] or exchange ac-

---

**3.** As Bowers is the sole petitioner in this case, we need not address any allegations contained in the petition that purport to assert rights on behalf of any other individuals including other inmates or family members.

**4.** 47 U.S.C. §§ 151–614.

**5.** The Communications Act defines "telecommunications services" as "the offering of

telecommunications for a fee directly to the public, or to such classes of users as to be effectively available directly to the public, regardless of the facilities used." 47 U.S.C. § 153(46).

**6.** The term "telephone exchange service" is defined as:

(A) service within a telephone exchange, or within a connected system of telephone

cess [7]" under the Communications Act. 47 U.S.C. § 153(26).

Clearly, the Department is not a telecommunications carrier or a local exchange carrier and the terms of the Telecommunications Act simply do not apply to the Department. As there are no facts contained in the petition which would permit Bowers to proceed on a claim against the Department pursuant to the Telecommunications Act, we sustain the Department's demurrer.[8]

## II.  SHERMAN ANTITRUST ACT

■ Although it is unclear from the petition, assuming that Bowers also intended to plead a cause of action against the Department under the Sherman Antitrust Act (Sherman Act),[9] we find persuasive several cases where federal district courts have barred suits against governmental entities alleging antitrust violations with respect to exclusive inmate telephone service agreements. In *McGuire v. Ameritech Servs., Inc.*, 253 F.Supp.2d 988 (S.D.Ohio 2003), recipients of inmates' collect calls sued the state, the Ohio department of corrections and the telephone service providers, alleging, *inter alia*, that exclusive contracts for inmate telephone

service violated the Sherman Act. The Southern District Court of Ohio found that the federal antitrust claims against the state, its department of corrections and the telephone service providers were barred by the "state action" doctrine [10] because the state had a clear policy of allowing prison officials to enter into anticompetitive telephone service contracts and because the policy was actively supervised by the state given its exclusive control over prisons.

In *Miranda v. Michigan*, 168 F.Supp.2d 685 (E.D.Mich.2001), a prisoners' class action suit under the Sherman Act challenging the state's collect-only system for inmate phone calls was dismissed because the Eastern District Court of Michigan found that the system arose out of the state's sovereign authority to operate its penal institutions.

■ Where an inmate files an action in our original jurisdiction seeking review of Department action, our inquiry is limited to a determination of whether a constitutional or statutory violation has occurred. *See Martin v. Jeffes*, 93 Pa.Cmwlth. 82, 501 A.2d 308 (1985) (matters of prison management are uniquely the province of the executive and legislative branches of

---

exchanges within the same exchange area operated to furnish to subscribers intercommunicating service of the character ordinarily furnished by a single exchange, and which is covered by the exchange service charge, or (B) comparable service provided through a system of switches, transmission equipment, or other facilities (or combination thereof) by which a subscriber can originate and terminate a telecommunications service.
47 U.S.C. § 153(47).

7. Under Section 153 of the Communications Act, "exchange access" means "the offering of access to telephone exchange services or facilities for the purpose of the origination or termination of telephone toll services." 47 U.S.C. § 153(16).

8. Bowers further alleges that the Department charges "exorbitant rates" and provides poor telephone service. However, the Department is not a public utility and it neither establishes rates nor controls telephone service connections. Therefore, these allegations are also insufficient to state a claim against the Department.

9. 15 U.S.C. §§ 1–7.

10. This doctrine provides immunity from the antitrust laws if the state articulates a clear policy to allow the anti-competitive conduct and actively supervises the anti-competitive conduct undertaken by private actors. *McGuire.*

the government); *Inmates of B–Block v. Jeffes*, 87 Pa.Cmwlth. 98, 483 A.2d 569 (1984). We have previously determined that an inmate's right to telephone access is subject to rational limitations in light of the Department's legitimate security concerns. *Feigley v. Pub. Util. Comm'n*, 794 A.2d 428 (Pa.Cmwlth.), *appeal denied sub nom., C.U.R.E. of Pa. v. Pub. Util. Comm'n*, 569 Pa. 723, 806 A.2d 863 (2002),[11] We do not believe, therefore, that an inmate possesses a right to choose a telephone service provider.

■ As we stated in *Feigley*, the lack of competitive alternatives in telephone carriers pursuant to a Department contract and prison administrative policies is an unfortunate, but necessary, incidence of incarceration. Thus, we conclude that the allegations contained in the instant petition fail to state a claim against the Department and must therefore be dismissed.

## III. *UTPCPL*

The UTPCPL prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. *Commonwealth v. Ziomek*, 145 Pa.Cmwlth. 675, 352 A.2d 235 (1976). The Department contends that because Bowers' challenge to the Verizon contract alleging unfair telephone rates and services does not fall within the purview of any of the twenty-one enumerated unlawful practices defined in Section 2(4) of the UTPCPL,[12] the cause of action should be dismissed for failure to state a claim upon which relief can be granted.

■ Without reaching the merits of the Department's contention, we find that the UTPCPL claim must be dismissed because Bowers lacks standing to raise it. The limited circumstances under which a private person, as opposed to the Attorney General, may bring an action based on the UTPCPL are specifically set forth in Section 9.2(a), which provides, in relevant part, that:

> [a]ny person who *purchases or leases goods or services* primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of [the UTPCPL,[13]] may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201–9.2(a) (emphasis added).

■ Bowers did not purchase telephone services *from the Department*. Therefore, he is statutorily precluded from bringing a private cause of action under the UTPCPL against the Department.[14]

---

11. In *Feigley*, the petitioners initiated a claim with the Public Utility Commission (PUC) challenging the quality and rates charged by an exclusive provider of inmate telephone services pursuant to a Department contract. We affirmed the PUC order and determined that the rates charged by a single telephone provider pursuant to the Department's exclusive inmate telephone service contract did not violate the federal constitution, the Public Utility Code, 66 Pa.C.S. §§ 101–3316, or the Telecommunications Act.

12. 73 P.S. § 201–2(4).

13. 73 P.S. § 201–3.

14. We note that the Department did not raise the issue of standing in its preliminary objections to Bowers' petition. Generally, standing is not an issue of subject matter jurisdiction and, therefore, may not be raised by the court *sua sponte*. *Beverly Healthcare–Murrysville v. Dep't of Pub. Welfare*, 828 A.2d 491 (Pa.Cmwlth.2003). However, where, as here, a statute creates a cause of action and designates who may sue, the issue of standing is so interwoven with that of subject matter jurisdiction that it becomes a jurisdictional prerequisite to an action. *Id.*

We find, therefore, that the allegations contained in the petition fail to establish that Bowers possesses standing to bring a claim against the Department pursuant to the UTPCPL.

## IV. *VERIZON*

■ Turning to Bowers' claims against Verizon, Section 761(a) of the Judicial Code generally provides that this Court has original jurisdiction over civil actions or proceedings against the Commonwealth. 42 Pa.C.S. § 761(a). Subsection (c) further provides that this Court has "ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa.C.S. § 761(c).

Under normal circumstances, therefore, we would possess original jurisdiction over Bowers' claims seeking review of the actions of the Department, as a Commonwealth agency, and ancillary jurisdiction over the related claims against Verizon. However, given that we have dismissed all of Bowers' claims against the Department, we no longer have a basis for exercising ancillary jurisdiction over Bowers' claims against Verizon. Accordingly, we must also dismiss the petition as against Verizon.

## V. *CONCLUSION*

We need only accept as true the factual averments and inferences fairly deducible therefrom set forth in the instant petition for purposes of ruling on preliminary objections in the nature of a demurrer. *Chimenti.* Here, Bowers has failed to aver sufficient facts to state a claim against the Department pursuant to the Telecommunications Act, the Sherman Act or the UTPCPL and we sustain the preliminary objections of the Department in the nature of a demurrer. As a result, we no longer possess ancillary jurisdiction over the claims against Verizon. We therefore dismiss, with prejudice, Bowers' petition for review as against all parties.

### *ORDER*

AND NOW, this 2nd day of December, 2003, the preliminary objections of the Department of Corrections are sustained and the petition for review filed by Donald Bowers is dismissed as against the Department, with prejudice.

In light of our dismissal of all claims against the Department, we do not possess ancillary jurisdiction over the claims against T–Netix and Verizon Phone Service. Therefore, the petition is dismissed as against the remaining parties and the Chief Clerk is directed to mark the case closed.

Judge SMITH–RIBNER dissents.