# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joan M. Cicchiello, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 361 M.D. 2015 |
| | : | Submitted: October 7, 2016 |
| SEIU 1199P Union Service | : | |
| Employees International Union Kim | : | |
| Patterson SEIU 1199 Secretary | : | |
| Treasurer Wilfredo Tellado MRC | : | |
| Director John E Wetzel Secretary of | : | |
| Pennsylvania Department of | : | |
| Corrections Ty Stanton, Director | : | |
| Human Resources Michael | : | |
| Wenerowicz, Acting Deputy Secretary | : | |
| E. Region Former Deputy | : | |
| Superintendent (SCI Frackville) | : | |
| Raphael Chieke, Equal Employment | : | |
| for the Department of Corrections | : | |
| Timothy A. Holmes, Assistant Council | : | |
| for the Commonwealth, | : | |
| Commonwealth of Pennsylvania | : | |
| Department of Corrections Brenda | : | |
| Tritt Deputy Superintendent State | : | |
| Correctional Institute at Frackville, | : | |
| Respondents | : | |

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                                    **FILED:  November 18, 2016**

Before this Court in our original jurisdiction are the preliminary objections

(POs) of the SEIU 1199P Union Service Employees International Union (SEIU),[1]

---

[1]  SEIU's correct name is Service Employees International Union, Healthcare
Pennsylvania.

Kim Patterson, SEIU's Secretary/Treasurer, and Wilfredo Tellado, SEIU's MRC Director (collectively, Respondents) to the Second Amended Complaint filed by Joan M. Cicchiello, representing herself.[2]

The following facts are averred in the Second Amended Complaint. Cicchiello was discharged from her position as a registered nurse at the State Correctional Institution at Frackville (SCI-Frackville) in January 2007 for a variety of reasons. At her request, her union filed a grievance on her behalf, and the grievance process lasted from 2006 until 2012. The Department of Corrections (Department) and SEIU executed a Settlement Agreement to resolve the grievance in October 2012; but, concerned that Cicchiello might engage in litigation, it was determined that Cicchiello should also execute the Settlement Agreement, which was done in December 2012.[3] (Compl. ¶¶ 7-9.) The December 2012 Settlement Agreement provided, in relevant part, that "[t]he Department will award Ms. Cicchiello whatever time was necessary for her to attain twenty-five years of service with the Commonwealth." (Agreement ¶ 2, Compl., Ex. B.) It appears that this provision was included in an effort to allow Cicchiello to receive medical

---

[2] Cicchiello filed several complaints in this matter, to each of which the Commonwealth respondents filed preliminary objections, and Cicchiello filed amended complaints. By Memorandum Opinion and Order dated April 26, 2016, this Court, *inter alia*, sustained numerous POs filed by the Commonwealth respondents and dismissed the Second Amended Complaint with prejudice against those respondents. Cicchiello v. SEIU 1199P Union Serv. Employees Int'l Union (Pa. Cmwlth., No. 361 M.D. 2015, filed Apr. 26, 2016) (Cicchiello II). In that Order, we also directed these Respondents to "file an Answer and/or appropriate dispositive motion within 30 days" as Respondents had not yet responded to Cicchiello's various complaints. Respondents filed these POs on May 20, 2016.

[3] In her brief in opposition to the POs, Cicchiello acknowledges that the October 2012 and December 2012 Settlement Agreements "contained the exact same language." (Cicchiello's Br. at 7.) Thus, we will refer to the Settlement Agreement that she wishes to be enforced as the December 2012 Settlement Agreement.

2

benefits upon her retirement. (Email from Holmes to Tellado (February 4, 2013) (Email), Compl., Ex. C.[4]) Thereafter, on February 4, 2013, Timothy A. Holmes, Assistant Counsel for the Department, emailed Tellado of SEIU advising him that the Department could not comply with the above provision because it was contrary to various express provisions of the State Employees' Retirement Code (Retirement Code), such as Section 5302, 71 Pa. C.S. § 5302.[5] However, the Email noted that, in drafting this provision, the parties mistakenly believed that Cicchiello needed 25 years to receive full health insurance in her retirement but she only needed 15 years. Therefore, the Department offered to hire Cicchiello back for 1 day, give her 1 year of salary/service, subject to taxes and retirement contributions, which would give her the 15 years of service she needed to be eligible for health insurance in retirement. (Email; February 2015 Settlement Agreement ¶¶ 2-4, Compl., Ex. D.) SEIU and the Department executed this February 2015 Settlement Agreement, but Cicchiello refused to do so.

Thereafter, Cicchiello filed a breach of contract action against the Department with the Board of Claims, which was rejected for lack of jurisdiction. The Board of Claims' determination was upheld by this Court in Cicchiello v. Department of Corrections (Pa. Cmwlth., No. 83 C.D. 2015, filed Aug. 5, 2015)

---

[4] The copy of the Email attached to the Second Amended Complaint is of poor quality and appears to have the top part of the Email cut off. Cicchiello has included, as an attachment to her brief to this Court in opposition to the POs, the full version of the Email which is of better quality. (Full Version of Email, Cicchiello's Br., Ex. C.) The full version of the Email indicates that Tellado forwarded Holmes' Email to Cicchiello on February 5, 2013. (Full Version of Email, Cicchiello's Br., Ex. C.)

[5] Section 5302(a) of the Retirement Code sets forth the manner of computing credited service for determining benefits and provides, in relevant part, that "in no case shall [a member] receive more than [1] year's credit for any 12 consecutive months or 26 consecutive biweekly pay periods." 71 Pa. C.S. § 5302(a).

(Cicchiello I).  In June and July of 2015, Cicchiello filed:  the present matter in this Court's original jurisdiction; a second complaint in the Court of Common Pleas of Northumberland County (common pleas); and a third complaint in the United States District Court for the Middle District of Pennsylvania (Middle District Court).[6]  Each of the complaints is based on the Department's refusal to comply with the December 2012 Settlement Agreement and the Union's refusal to enforce the December 2012 Settlement Agreement.

In addition to the above-referenced facts, the Second Amended Complaint avers, in relevant part, that:  the Department and SEIU did not negotiate in good faith; Cicchiello has not received the benefits promised by the December 2012 Settlement Agreement; and the February 2015 Settlement Agreement does not take into consideration the time between 2012 and the present.  (Compl. ¶¶ 13, 18, 24.) Cicchiello asserts that, had she continued to work between 2006 and 2015, she would have had 25 years of service.  (Compl. ¶ 21.)  She likewise maintains that the Department and SEIU had the authority to ask for payment for her 25 years when they agreed to do so in December 2012.  (Compl. ¶ 20.)

Cicchiello seeks a variety of relief in this matter, including "traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, [and] time loss."  (Compl. Wherefore Clause ¶ b.)  She also requests that this Court "[i]ssue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects."  (Compl. Wherefore Clause ¶ c.)  Cicchiello also asks for

---

[6] The common pleas matters are at Docket Nos. 2015-1307 and 2015-2107, and the Middle District Court matters are at Civ. Action Nos. 1:15-CV-01201-JEJ, CV-01682, and CV-02139.

4

punitive damages under 42 U.S.C. § 1983 (Section 1983) and Pennsylvania common law, legal and filing fees, and a minimum of six million dollars in damages. (Compl. ¶ 30, Wherefore Clause ¶¶ d, e, f.)

The Second Amended Complaint contains three counts, and Respondents have filed various POs to each count, as well as POs to the Second Amended Complaint as a whole, including POs to this Court's jurisdiction. We will address the POs as necessary. In reviewing POs, we apply the following standard: "we must consider as true all well-pleaded material facts set forth in the petition for review and all reasonable inferences that may be drawn from those facts." Meggett v. Pa. Dep't of Corr., 856 A.2d 277, 279 (Pa. Cmwlth. 2004). "Preliminary objections should be sustained only in cases [in which it is] clear and free from doubt that the facts pleaded by appellant are legally insufficient to establish a right to relief." Werner v. Zazyczny, 681 A.2d 1331, 1335 (Pa. 1996).

## I.     Lack of Jurisdiction Due to Dismissal of Commonwealth Respondents.

Respondents' second PO, based on Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(1),[7] asserts that this Court lacks jurisdiction because it dismissed the Second Amended Complaint with prejudice against the Commonwealth parties in the April 26, 2016, Memorandum Opinion and Order, Cicchiello v. SEIU 1199P Union Service Employees International Union (Pa. Cmwlth., No. 361 M.D. 2015, filed Apr. 26, 2016) (Cicchiello II).[8]

---

[7] Pennsylvania Rule of Appellate Procedure 1517 provides that, "[u]nless otherwise prescribed by these rules, the practice and procedure under this chapter relating to pleadings in original jurisdiction petition for review practice shall be in accordance with the appropriate Pennsylvania Rules of Civil Procedure, so far as they may be applied." Pa. R.A.P. 1517.

[8] We note that Respondents challenge this Court's jurisdiction on a second ground; Respondents allege that there was a lack of proper service under Rules 400 and 402(a) of the

*(Continued…)*

(POs ¶ 37.) Respondents assert that because this Court has original jurisdiction in civil actions against the Commonwealth government and only "ancillary jurisdiction" over claims that are directly related to the claims that fall within its original jurisdiction, when this Court dismissed the claims against the Commonwealth respondents, the Court no longer can exercise ancillary jurisdiction against the non-Commonwealth party. (POs ¶¶ 38-40 (citing Section 761(c) of the Judicial Code, 42 Pa. C.S. § 761(c); Bowers v. T-Netix, 837 A.2d 608, 614 (Pa. Cmwlth. 2003).) Accordingly, Respondents argue that its PO must be sustained and Cicchiello's Second Amended Complaint must be dismissed with prejudice for lack of jurisdiction. (POs ¶¶ 41-43, PO II Wherefore Clause.) Cicchiello responds that this Court does have jurisdiction because SEIU represents its member employees that work for Commonwealth agencies.[9] (Answer ¶ 10.)

Rule 1028(a)(1) provides that

Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 400, 402(a). (PO I.) Respondents assert that they have not waived any of the challenges to this Court's jurisdiction based on defective service because their counsel's filing a written appearance does not waive such objection and they filed their POs, including those on the merits of the Second Amended Complaint, because they were directed to do so by this Court in Cicchiello II. We agree that Respondents have not waived their objections. First, a defendant's written appearance, alone, does not waive objections to defective service. Fleehr v. Mummert, 857 A.2d 683, 685 (Pa. Super. 2004). Second, a waiver of those objections can occur only where the party makes a "voluntary appearance" before the court and addresses the merits, id., and Respondents' POs here are not a "voluntary appearance" that would waive the objections to the defective service in this matter. Id. Respondents' POs were filed in direct response to the order in Cicchiello II, and, not to have done so would have resulted in Respondents disregarding a court order.

[9] With the exception of an assertion that service in this matter was properly effectuated, the remainder of Cicchiello's Answer is related to how Respondents allegedly breached their duty of fair representation by not seeking to enforce the December 2012 Settlement Agreement and other issues related to the merits of the Second Amended Complaint. Attached to the Answer are numerous exhibits that were part of the Second Amended Complaint. Cicchiello's brief in opposition to the POs contains no argument on the POs, but asserts various arguments purporting to support the merits of her claims against Respondents.

6

[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds: (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint.

Pa. R.C.P. No. 1028(a)(1). Section 761(a) of the Judicial Code provides generally that this Court has original jurisdiction over civil actions or proceedings against the Commonwealth. 42 Pa. C.S. § 761(a). Subsection (c) does give the Court "ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. § 761(c). However, once this Court dismisses an action against the Commonwealth party, there is no longer a basis to exercise ancillary jurisdiction over the claims of non-Commonwealth parties. Pittsburgh Fire Fighters, Local No. 1 ex rel. King v. Yablonsky, 867 A.2d 666, 673 (Pa. Cmwlth. 2005); Bowers, 837 A.2d at 614. Because we dismissed the Second Amended Complaint as to the Commonwealth respondents in Cicchiello II, this Court "no longer [has] a basis for exercising ancillary jurisdiction over [Cicchiello's] claims against [Respondents]." Bowers, 837 A.2d at 614.

Ordinarily, we would transfer this matter to the appropriate court of common pleas pursuant to Section 5103 of the Judicial Code, 42 Pa. C.S. § 5103 (stating as a "[g]eneral rule" that if a matter "is . . . brought in a court . . . of this Commonwealth which does not have jurisdiction of the . . . matter, the court . . . shall not . . . dismiss the matter, but shall transfer the record thereof to the proper tribunal"), Rule 751(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 751 (same), and Rule 213(f) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 213(f) (same). However, "[i]n appropriate circumstances, a court

7

may refuse, in the interest of judicial economy, to transfer a matter where that court determines that under no circumstances could the transferee tribunal grant the requested relief." Smock v. Com., 436 A.2d 615, 617 (Pa. 1981). Cicchiello is a serial litigator and has asserted these same, or closely related, claims based on the same facts against these Respondents and the Commonwealth respondents in both common pleas and the Middle District Court on multiple occasions. At the time we issued Cicchiello II, Cicchiello had filed two complaints in common pleas and a third complaint in the Middle District Court, all based on the refusal to comply with or enforce the December 2012 Settlement Agreement, and all of which have been dismissed. See Cicchiello II, slip op. at 4, 12-13, 15 and nn. 5, 12-13, 20. Since that time, a judge of the Middle District Court has issued an order adopting the Magistrate Judge's Report and Recommendation in its entirety and dismissing, with prejudice, Cicchiello's Section 1983 claims and federal and state law labor claims. (POs, Exs. 2-3.) Cicchiello has also filed four complaints in common pleas, three of which were dismissed pursuant to Rule 233.1(a) of the Pennsylvania Rules of Civil Procedure[10] and the fourth has a Rule 233.1(a) motion, filed by Respondents, pending before that court. (POs, Exs. 4-7.) We conclude that this is one of those circumstances where, in the interest of judicial economy, a refusal to

---

[10] Pa. R.C.P. No. 233.1(a). Pursuant to Rule 233.1(a) of Pennsylvania Rules of Civil Procedure,

> a defendant may file a motion to dismiss [an] action [filed by a pro se plaintiff] on the basis that (1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Id. (emphasis omitted).

8

transfer is appropriate. To do otherwise would burden common pleas with yet *another* complaint by Cicchiello against these Respondents based on the same already rejected claims. Accordingly, we dismiss, with prejudice, the Second Amended Complaint against Respondents for lack of jurisdiction. Bowers, 837 A.2d at 614.

## II.    Other POs

Respondents have filed other POs to the Second Amended Complaint as a whole and to each of the three Counts set forth therein.[11] However, because this Court does not have jurisdiction over Respondents, we will not address those POs. We do, however, observe that this Court sustained similar, if not almost identical, POs to the Second Amended Complaint in Cicchiello II. Similarly, most, if not all, of the claims asserted by Cicchiello have been rejected by common pleas and/or the Middle District Court.

---

[11] These POs include: a challenge to the Section 1983 claim against Respondents (Count I), as they are not state actors and there were insufficient pleadings to demonstrate that it acted under the color of state law (POs VII and VIII); that Cicchiello failed to state a cognizable claim for breach of duty of fair representation or violation of labor law (Count II) and did not exhaust her administrative remedies on that claim, even if it was cognizable (POs III, IV, XI); that Cicchiello failed to state a cognizable claim for breach of contract (Count III) because she does not aver that Respondents had any obligations to her under the purported December 2012 Settlement Agreement and she admits that the agreement was unenforceable under state law (POs V, VI); and some of the reasons set forth for dismissing the Second Amended Complaint in Cicchiello II. They further assert that the claims against Tellado and Patterson should be dismissed because the Second Amended Complaint does not plead facts with specificity that they were acting outside the scope of their job duties and, therefore, cannot be held liable individually as a matter of law. (PO IX.)

9

## III. Other Motions

In addition to the Second Amended Complaint, Cicchiello has filed the following additional motions naming Respondents: (1) Motion for Discovery; (2) Motion to Enforce Settlement Agreement; (3) "Resubmit a Motion for Summary Judgment/Motion to Enforce the Settlement Agreement"; (4) Motion to Reargue; (5) "Notice of Letters of Interrogatories and Subpeona [sic]"; and (6) Motion to Enforce Sanctions and Punitive Damages.[12] All of these Motions were stayed by various orders of this Court. Because we have sustained one of Respondents' POs related to this Court's jurisdiction and dismiss, with prejudice, the Second Amended Complaint as to Respondents, we likewise deny all of these Motions as they relate to Respondents.

## IV. Conclusion

For the foregoing reasons, we sustain Respondents' PO II, and we dismiss, with prejudice, the Second Amended Complaint against Respondents. The outstanding Motions against Respondents that are presently stayed are denied.

---

[12] The motions generally reassert the allegations set forth in the Second Amended Complaint, but also attempt to assert new legal bases for relief. For example, in the Motion to Reargue, Cicchiello asserts a claim against Respondents for breaching their duty of fair representation in this matter. (Motion to Reargue ¶¶ 20-29.) Further, we note that while Cicchiello's Answer and Brief in Opposition to the POs focus on a claim alleging a breach of Respondents' duty of fair representation, this claim is absent from the Second Amended Complaint. Even if it was present, such action does not fall within this Court's jurisdiction, Case v. Haz[le]ton Area Educational Support Personnel Association (PSEA/NEA), 928 A.2d 1154, 1161 (Pa. Cmwlth. 2007), and common pleas and the Middle District Court have already ruled on this issue and found it to be without merit and/or barred by *res judicata*. (POs, Exs. 2-3, 7.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan M. Cicchiello, : 
                          Petitioner : 
                 : 
          v. : No. 361 M.D. 2015
                 : 
SEIU 1199P Union Service : 
Employees International Union Kim : 
Patterson SEIU 1199 Secretary : 
Treasurer Wilfredo Tellado MRC : 
Director John E Wetzel Secretary of : 
Pennsylvania Department of : 
Corrections Ty Stanton, Director : 
Human Resources Michael : 
Wenerowicz, Acting Deputy Secretary : 
E. Region Former Deputy : 
Superintendent (SCI Frackville) : 
Raphael Chieke, Equal Employment : 
for the Department of Corrections : 
Timothy A. Holmes, Assistant Council : 
for the Commonwealth, : 
Commonwealth of Pennsylvania : 
Department of Corrections Brenda : 
Tritt Deputy Superintendent State : 
Correctional Institute at Frackville, : 
                    Respondents : 

**PER CURIAM**                 **O R D E R**

       **NOW**, November 18, 2016, SEIU 1199P Union Service Employees International Union (SEIU); Kim Patterson, SEIU's 1199 Secretary/Treasurer; and Wilfredo Tellado, SEIU's MRC Director's (Respondents) Preliminary Objection II to the Second Amended Complaint filed by Joan M. Cicchiello is **SUSTAINED**. The Second Amended Complaint is **DISMISSED WITH PREJUDICE** as against

Respondents.    In addition, all other Motions filed by Cicchiello against Respondents are **DENIED**.  The Chief Clerk is directed to mark the case closed.