# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont Bullock,                  :
               Petitioner     :
                                :
            v.                  :    No. 375 M.D. 2016
                                :    Submitted:  June 16, 2017
The Pennsylvania Department of    :
Corrections and The Medlin Training   :
Institute,                       :
              Respondents   :


**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                  **HONORABLE ANNE E. COVEY,** Judge
                  **HONORABLE JAMES GARDNER COLINS,** Senior Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED:  September 28, 2017**

      Lamont Bullock (Bullock), pro se, filed an amended petition for review in the nature of a complaint in mandamus with exhibits (Amended Petition) in this Court's original jurisdiction against The Pennsylvania Department of Corrections (Department) and The Medlin Training Institute (Medlin). Bullock asserts a number of allegations against the Department and Medlin regarding his mental health diagnosis, involuntary psychiatric commitment, cell ventilation systems, various abuse and retaliation, improper training of Department employees, exposure to disease, denial of medical treatment, improper charges to his inmate account, and forced double-celling. The Department filed a preliminary objection

to Bullock's Amended Petition, asserting the misjoinder of six separate causes of action in a single suit. Medlin also filed preliminary objections to the Amended Petition, joining in the Department's preliminary objection and asserting that the Amended Petition should be dismissed because this Court lacks both subject matter and personal jurisdiction over Medlin, which is a private entity. Medlin also demurs that the Amended Petition is legally insufficient. After review, we overrule in part and sustain in part Medlin's preliminary objections and dismiss the Amended Petition without prejudice as to Medlin. We overrule the Department's preliminary objection.

## I.    Background

Bullock is an inmate currently incarcerated at the State Correctional Institution at Greene (SCI-Greene). Bullock instituted this action by filing a petition for review in the nature of a complaint in mandamus against the Department on June 20, 2016. Bullock also filed an application to proceed *in forma pauperis*. The Department moved to revoke Bullock's *in forma pauperis* status, which this Court granted via order dated September 16, 2016. However, Bullock timely paid the filing fee as directed by that order.[1] The Department

---

[1] The September 16, 2016 order noted that Bullock

has previously had at least three cases dismissed on the basis that they were frivolous: *Bullock v. Grove*, C.A. 90-5311, dismissed as frivolous by order dated November 30, 1990; *Bullock v. Jadlocki*, C.A. 92-612, dismissed as frivolous by order dated March 25, 1993; *Bullock v. Rupert*, C.A. 99-3660, dismissed as frivolous by order dated May 10, 2000; *Bullock v. Horn*, C.A. 01-2428, motion to proceed *in forma pauperis* denied due to his status as an abusive litigator.

**(Footnote continued on next page…)**

thereafter filed a preliminary objection, which was dismissed as moot by this Court's December 5, 2016 order because Bullock filed the Amended Petition on November 21, 2016.

Bullock filed the Amended Petition against the Department and added Medlin as a defendant.[2] The Amended Petition contains six counts and a number of documents attached as exhibits.[3] In Count I, Bullock alleges that the Department falsified and fabricated his mental health diagnosis and Stability Code-D designation and subjected him to involuntary psychiatric commitment and transfer to a Department mental health facility without due process of law in violation of the First, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 9, 13, and 14 of the Pennsylvania Constitution. (Amended Petition ¶¶ 4-5, 11, 14.) In this regard, he also asserts that he was retaliated against for filing civil actions and grievances against Department employees. (*Id.* ¶¶ 13, 21-22.)

In Count II, Bullock asserts that the Department subjected him to conditions of confinement that constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and the Thirteenth Amendment of the Pennsylvania Constitution. (*Id.* ¶ 66.) Specifically, he avers

---

**(continued…)**
(Order, Sept. 16, 2016.) The order also stated that Bullock did not allege that he was in imminent danger of serious physical injury, citing Section 6602(f)(2) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(f)(2).

[2] Both the Department and Medlin are listed as Respondents in the caption of the Amended Petition.

[3] Bullock has attached to the Amended Petition numerous official inmate grievances, responses to grievances, requests to staff members, sick call requests, mental health informed consent documents, physician's order forms, a secure residential treatment unit recovery treatment plan review, and a problem list.

that the ventilation system in his cell is defective and, consequently, it has caused him "to suffer and diagnosed [sic] with myriad of serious respiratory illness's [sic]" and has placed his "life in imminent danger of serious and ongoing future danger of serious physical injury." (*Id.* ¶¶ 66, 70.) He also asserts that he has exhausted his administrative remedies to no avail, has no other adequate remedy at law, and the Department has refused to house him in a safe prison environment. (*Id.* ¶¶ 85-87.)

In Count III, Bullock alleges that the Department retaliated against him by exposing him to diseases and engaged in a conspiracy to deny him adequate sex offender treatment, programming, and credits already earned in violation of "the Sex Offenders Program Act," 42 Pa. C.S. § 9718.1,[4] with the specific intent to deny him parole, all in violation of the Eighth Amendment. (*Id.* ¶¶ 93-96, 121-24, 126, 128, 132, 139.) Also in Count III, Bullock alleges that Medlin failed to intervene with regard to his sex offender treatment and failed to properly train Department employees. (*Id.* ¶¶ 91, 131.) Bullock contends that he notified Medlin of these allegations by letter, he was retaliated against for filing civil actions and grievances, and he has no other adequate remedy at law. (*Id.* ¶¶ 131, 137-38, 142.)

In Count IV, Bullock again asserts that the Department deliberately exposed him to poisons, such as arsenic, and diseases, including HIV, Hepatitis A, B, C, and D, herpes simplex, syphilis, other sexually-transmitted diseases, tuberculosis, cancers, asthma, bronchitis, and diabetes, via contaminated food and needles because of his race and sex offender status in violation of the Eighth Amendment,

---

[4] Section 9718.1(a) is actually a part of the Sentencing Code and provides that sex offenders "shall attend and participate in a Department . . . program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution for any of" a number of sexual offenses. 42 Pa. C.S. § 9718.1(a).

4

and, thus, subjected him "to imminent danger of serious physical danger." (*Id.* ¶¶ 144-45, 147-48, 151.) He also asserts that his grievances and complaints in this regard were arbitrarily denied. (*Id.* ¶¶ 166, 168.)

In Count V, Bullock asserts that he was denied proper medical treatment, which caused complications with his diseases, and improperly charged his inmate account for chronic and intermittent medical treatment co-pays in violation of the Eighth Amendment and Department policy DC-ADM 820, codified at 37 Pa. Code § 93.12. (*Id.* ¶¶ 169, 171-72, 174-75.)

Lastly, in Count VI, Bullock avers that the Department used forced double-celling against him as punishment in violation of the Eighth Amendment, without due process, and in violation of Department policies DC-ADM 820 and 13.8.1. (*Id.* ¶ 181.) Bullock asserts that he developed post-traumatic stress disorder as a result of being attacked by other inmates, and that there was a medical order that required his permanent placement in a single cell. (*Id.* ¶¶ 182, 184, 191.) Bullock also asserts that he has kidney/bladder complications and that other inmates with the same condition receive single-cell status. (*Id.* ¶ 201.) Bullock asserts that these medical conditions require that he be placed in a single cell. (*Id.* ¶¶ 200-01.) Bullock asserts that the Department abused its discretion and that its actions constitute deliberate indifference to Bullock's serious medical needs and subject him "to the danger of serious physical injury." (*Id.* ¶ 204.)

Based on these allegations, Bullock seeks a declaratory judgment with respect to each of the six counts, as well as an order directing the Department to remove his mental health diagnosis from his records (Count I); a permanent or preliminary injunction directing his transfer to another prison with an adequate ventilation system and enjoining the Department from any retaliatory transfer

5

thereafter (Count II); an order prohibiting the Department from denying him access to sex offender treatment and directing his transfer to another prison to complete such treatment (Count III); an order directing that certain health tests be performed and the results forwarded directly to this Court and holding the Department liable for exposing him to diseases and denying him medical treatment (Count IV); an order directing the reimbursement of the co-pay charges, with interest (Count V); and a permanent injunction enjoining the Department's use of double-celling with respect to Bullock (Count VI). Bullock also requests an evidentiary hearing and any other relief the Court deems appropriate and just.

## II. Respondents' Preliminary Objections

The Department filed its preliminary objection to Bullock's Amended Petition on December 29, 2016, asserting, pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5), Pa. R.C.P. No. 1028(a)(5), that Bullock improperly joined six separate causes of action in a single suit that do not appear to arise out of the same transaction or occurrence. The Department asserts that such tactic is violative of the Prison Litigation Reform Act (PLRA)[5] because it allows Bullock to circumvent the PLRA filing fee requirements and "three strikes" limitations. The Department requests that the Court direct Bullock to file a second amended petition that includes claims that arise out of the same transaction or occurrence and that does not violate the PLRA filing fee requirements.

Medlin also filed preliminary objections, joining the Department's preliminary objection and asserting that this Court lacks both subject matter and

---

[5] 42 Pa. C.S. §§ 6601-6608.

6

personal jurisdiction.[6] Medlin contends that this Court lacks appellate jurisdiction[7] under Section 763 of the Judicial Code, 42 Pa. C.S. § 763 (providing that this Court has exclusive jurisdiction over appeals from government agencies), because there are no allegations in the Amended Petition to support that Medlin ever issued any final adjudications or orders regarding Bullock. According to Medlin, this Court also lacks original jurisdiction under Section 761 of the Judicial Code, 42 Pa. C.S. § 761 (providing that this Court has original jurisdiction over, *inter alia*, civil actions or proceedings by or against the Commonwealth or any officer thereof), because Medlin is a private company, not a government agency. Medlin also objects on the basis that the Amended Petition is legally insufficient (demurrer) pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(4). Specifically, Medlin asserts that the Amended Petition does not allege that Medlin "owed any ministerial or mandatory duty to intervene with [Bullock's] confinement" and/or sex offender treatment or to correct the Department's actions or any other meritorious cause of action against Medlin. (Medlin's Preliminary Objections ¶ 37.) Medlin asserts that Bullock has an appropriate remedy at law because he could sue for a tort claim.

Bullock filed a response to the Department's objections and a brief[8] in support of his Amended Petition and in opposition to both the Department's and

---

[6] Medlin further asserts that it was never served with Bullock's original petition for review. It also asserts that there were no exhibits attached to the Amended Petition it received.

[7] Bullock states that this Court has "appellant" (appellate) jurisdiction over the Amended Petition pursuant to 42 Pa. C.S. § 763. (*See* Amended Petition, Jurisdictional Statement.)

[8] Bullock attached three documents to his brief, including: an Initial Review Response dated July 24, 2014, a Facility Manager's Appeal Response dated August 25, 2014, and a Final Appeal Decision dated October 31, 2014. These are also attached to the Amended Petition.

Medlin's preliminary objections. The Department's and Medlin's preliminary objections are now before the Court.

## III. Discussion

### A. *Jurisdiction*

We first decide whether this Court has jurisdiction over Bullock's claims against Medlin. Medlin asserts that because this Court has exclusive jurisdiction over appeals from final orders of government agencies under Section 763(a)(1) of the Judicial Code, 42 Pa. C.S. § 763(a)(1), which is limited to "Commonwealth agencies,"[9] and Medlin is a private company, not a government agency, this Court lacks appellate jurisdiction. Medlin further asserts that because this Court has original jurisdiction in civil actions against the Commonwealth government or its officers under Section 761 of the Judicial Code, 42 Pa. C.S. § 761, and Medlin is a private institution, this Court lacks original jurisdiction. Accordingly, Medlin argues that its preliminary objection should be sustained and the Amended Petition should be dismissed as to Medlin for lack of subject matter and personal jurisdiction.

Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure provides that:

> [p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds: (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint.

---

[9] A "Commonwealth agency" is defined as "[a]ny executive or independent agency." 42 Pa. C.S. § 102. "Executive agency" is defined as "[t]he Governor and the departments, boards, commissions, authorities and other officers and agencies of the Commonwealth government . . . ." *Id.*

8

Pa. R.C.P. No. 1028(a)(1). "In considering preliminary objections, we accept as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Bowers v. T-Netix*, 837 A.2d 608, 611 (Pa. Cmwlth. 2003). "However, we are not required to accept as true legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* We will not sustain preliminary objections unless it "appear[s] with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

Section 761(a)(1) of the Judicial Code provides, generally, that this Court has "original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government." 42 Pa. C.S. § 761(a)(1). Subsection (c) further provides that this Court has "**ancillary jurisdiction** over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. § 761(c) (emphasis added). Because this Court possesses original jurisdiction over Bullock's claims seeking review of the actions of the Department, as a Commonwealth agency, we also have ancillary jurisdiction over the related claims against Medlin. Accordingly, we overrule the objection to this Court's jurisdiction over Bullock's claims against Medlin.

### B.     Demurrer

Medlin also demurs that the Amended Petition is legally insufficient. Medlin contends that Bullock does not allege that Medlin "owed any ministerial or mandatory duty to intervene with [Bullock's] confinement" and/or sex offender treatment or to "correct" the Department's actions such that mandamus relief would be appropriate. (Medlin's Preliminary Objections ¶ 37.) Medlin asserts that

9

Bullock has only vaguely averred that Medlin failed to intervene with regard to his sex offender treatment and failed to properly train Department employees with regard to their use of Medlin's training manual.

Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure provides that any party may file preliminary objections to any pleadings based upon the "legal insufficiency of a pleading (demurrer)." Pa. R.C.P. No. 1028(a)(4). Like preliminary objections, generally, we only need to accept as true the well-pleaded allegations of material facts and inferences reasonably deducible therefrom for purposes of ruling on preliminary objections in the nature of a demurrer. *Barndt v. Pa. Dep't. of Corr.*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). A petitioner must state the material facts that support his claim. Pennsylvania Rule of Civil Procedure 1019(a), Pa. R.C.P. No. 1019(a). A demurrer will only be sustained in cases which are "clear and free from doubt" and "where it appears with certainty that the law permits no recovery under the allegations pleaded." *Sweatt v. Dep't of Corr.*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001). Here, Bullock has failed to aver sufficient facts to state a claim against Medlin.

Count III of Bullock's Amended Petition states, as follows:

91. The respondent, Medlin [T]raining Institute failed to intervene and correct the error when it was brought to their [sic] attention that Respondent, Department of Corrections fabricated petitioner's participation, and force [sic] him to repeat phases; and using the program as a means of punishment.

&ast; &ast; &ast;

131. The failure or refusal of the respondent Medlin Training Institute to intervene and correct the problems when it was brought to their [sic] attention through a letter, and for failing to train the Department of Corrections in the proper use of their [sic] training manual caused petitioner to suffer cruel and unusual punishment, and violated other rights of the petitioner.

\* \* \*

134. The determination of the respondent(s) constitutes error of law because the respondent [sic] failed and/or refused to comply with State Statutory Law, the Medlin Institute Manual, DOC policys [sic], which requires respondents to provide adequate, meaningful and effective access to sex offenders programing and treatment over the 29 years of incarceration.

(Amended Petition ¶¶ 91, 131, 134.)  Beyond the above paragraphs, Bullock alleges facts regarding the specific actions of the Department and Department employees regarding his sex offender treatment, but he has failed to allege any other acts taken or omitted by Medlin that have caused him the constitutional and other deprivations he seeks to remedy.  Bullock also did not allege, or point to any legal authority indicating, that Medlin had any duty to intervene on Bullock's behalf.  "A petition for mandamus relief which does not allege that the defendant has a legal duty which the defendant is required to perform, does not state a claim upon which relief can be granted." *Bronson v. Investigations Div., Bureau of Special Servs., Dep't of Corr.*, 650 A.2d 1160, 1163 (Pa. Cmwlth. 1994) (citing, *inter alia*, Pennsylvania Rule of Civil Procedure 1095, Pa. R.C.P. No. 1095).  Also, notably, Bullock has not attached either "the letter" that he allegedly sent to Medlin notifying it of his allegations or the "Medlin Institute Manual" to the Amended Petition.  Accordingly, because Bullock has failed to aver sufficient facts to state a claim against Medlin and has not provided any supporting documentation or authority, we sustain Medlin's demurrer, and dismiss, without prejudice, Bullock's Amended Petition as against Medlin.

*C.      Misjoinder*

The Department asserts that Bullock improperly joined six separate and unrelated causes of action in a single suit that do not arise out of the same transaction or occurrence. The Department argues that each of the six causes of action take place at different times, in different parts of the prison, and involve different actors and circumstances. Further, the Department asserts that each of the six counts request different forms of relief. The Department also contends that Bullock has attempted to circumvent the PLRA filing fee requirements. The Department now requests that the Amended Petition be dismissed. Bullock responds that he followed Rule 1020(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1020(a), in asserting the six counts in his Amended Petition.

Rule 1028(a)(5) of the Pennsylvania Rules of Civil Procedure permits any party to file preliminary objections to any pleading based upon the misjoinder of a cause of action. Pa. R.C.P. No. 1028(a)(5). Rule 1020(a) provides, however, that a plaintiff "may state in the complaint more than one cause of action cognizable in a civil action against the same defendant." Pa. R.C.P. No. 1020(a). "Each claim, however, must be presented in a self-sufficient separate count, which includes averments of facts pertaining to the particular claim and relief sought." *Commonwealth v. Parisi*, 873 A.2d 3, 9 (Pa. Cmwlth. 2005). We agree with Bullock that he was permitted to assert all six counts in his Amended Petition.

In the Amended Petition, Bullock alleges an extensive series of facts in each of the six counts indicating his belief that the Department and specific Department employees are engaged in an ongoing conspiracy to harm, punish, abuse, and retaliate against him through various tactics in an effort to keep Bullock from being

12

released on parole. Bullock also includes the relief he seeks in each separate count. While we make no determination as to the validity of the merits of this case, we recognize the seriousness of Bullock's allegations. Because we accept as true all well-pleaded allegations of material facts and inferences reasonably deducible therefrom for purposes of ruling on preliminary objections, and because the Department does not assert that those facts alleged by Bullock do not set forth a cognizable action or actions in mandamus, the Department's preliminary objection is overruled.

## IV.  Conclusion

Based on the foregoing, we overrule Medlin's objection that this Court lacks jurisdiction and sustain Medlin's demurrer to Bullock's claims against Medlin and dismiss those claims without prejudice. We overrule the Department's preliminary objection that Bullock misjoined six separate causes of action.

_____
**RENÉE COHN JUBELIRER,** Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont Bullock, : 
                          Petitioner : 
                          : 
                  v. :    No. 375 M.D. 2016
                          : 
The Pennsylvania Department of : 
Corrections and The Medlin Training : 
Institute, : 
                     Respondents : 

# O R D E R

**NOW**, September 28, 2017, The Medlin Training Institute's (Medlin) preliminary objection to Lamont Bullock's (Bullock) Amended Petition for Review in the Nature of a Complaint in Mandamus (Amended Petition) that this Court lacks jurisdiction is **OVERRULED**. Medlin's preliminary objection in the nature of a demurrer to Bullock's claims against Medlin is **SUSTAINED**. Bullock's claims against Medlin are **DISMISSED** without prejudice. Bullock may file a second amended petition for review within thirty (30) days of the date of this Order. If Bullock fails to file a second amended petition for review, the Chief Clerk shall dismiss with prejudice Bullock's claims against Medlin.

The Pennsylvania Department of Corrections' (Department) preliminary objection that Bullock misjoined six separate causes of action is **OVERRULED**. The Department shall file a responsive pleading to any second amended complaint within thirty (30) days of the date of filing. If Bullock fails to file a second amended complaint within thirty (30) days of the date of this Order, the Department shall file an answer to Bullock's Amended Petition within sixty (60) days of the date of this Order.

 

_____
**RENÉE COHN JUBELIRER,** Judge