IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Moon Starcloud (a/k/a          :
Keith Mason Knight),          :
         :
            Petitioner        :
         :
            v.          : No. 332 M.D. 2017
         : Submitted: January 12, 2018
Facility Manager Kauffman,          :
SCI Huntingdon; John E. Wetzel,          :
Secretary, Dept. of Corrections,          :
         :
            Respondents    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                 FILED: June 8, 2018

       Before the Court are the preliminary objections (POs) of Respondents John E. Wetzel, Secretary of the Pennsylvania Department of Corrections (Department), and Facility Manager Kauffman of the State Correctional Institution (SCI)-Huntingdon (collectively, Respondents) to the *pro se* Petition for Declaratory Relief (Petition) filed in this Court's original jurisdiction by Moon Starcloud, a/k/a Keith Mason Knight (Starcloud), an inmate at SCI-Huntingdon.[1] We sustain the POs and dismiss the Petition.

_____

[1] Starcloud is serving two consecutive terms of life imprisonment based on his convictions on two counts of first-degree murder and two counts of conspiracy to commit murder. *Commonwealth v. Knight*, 364 A.2d 902, 904 (Pa. 1976).

Starcloud filed the Petition seeking declaratory judgment from this Court to enable him to obtain access to his personal ancestry DNA results by using an outside DNA testing service. Starcloud alleges that in January 2016, it was revealed to him that his paternal grandfather was a Native American from a reservation in Shawnee, Oklahoma. As a result, on February 8, 2017, Starcloud submitted a Form DC-135A, Inmate Request to Staff Member, to both his Counselor, Mr. Grimme, and his Unit Manager, Ms. Spyker, seeking institutional approval to confirm his Native American heritage through DNA testing. These staff members responded that Starcloud could purchase items through the commissary or an authorized outside vendor.

On May 10, 2017, Starcloud sent a request to Respondent Kauffman requesting approval for DNA testing through the website Ancestry.com. Specifically, Starcloud requested approval to allow a family member to order the test on his behalf; he would send money to the family member to pay for the test; and a staff member at Respondents' correctional institution would collect saliva to be submitted for the test. Respondent Kauffman denied the request explaining he could only allow tests of this nature in response to court-ordered legal issues and not merely for personal use. On May 16, 2017, Starcloud appealed this decision to Respondent Wetzel, who also denied his request.

In the Petition, Starcloud maintains that the Department has no known policy regarding ancestry DNA testing and asks this Court to declare: (1) the results of an Ancestry.com DNA test are not admissible in a court of law to prove guilt or innocence or paternity; (2) an individual's ancestry is personal and no government agency has standing to deprive an individual of knowledge of the same without valid cause; (3) the Department and SCI-Huntingdon have no standing to deprive any

prisoner of knowledge of his ancestry; (4) the Department and SCI-Huntingdon have no standing to prevent Starcloud from accessing Ancestry.com for DNA testing; (5) Ancestry.com is a well-known and reputable company specializing in ancestry DNA testing with both an email and street address; (6) the Department and SCI-Huntingdon have no legal standing to prevent a prisoner from remitting payment to a family member for testing on the condition that the test is sent from the company to the "testee" and returned from the "testee" to the company; (7) neither the Department nor SCI-Huntingdon have alleged or demonstrated that allowing him to submit a sample for DNA testing would be a threat to institutional security or discipline; (8) neither the Department nor SCI-Huntingdon have alleged or demonstrated that allowing him to submit a sample for DNA testing would be counter to penalogical interests; (9) requiring a staff member to collect a saliva sample from him and returning the same to Ancestry.com is minimally invasive to the institution; and (10) he is authorized to order the Ancestry.com test through his cousin, pay his cousin for the costs associated with the test, require a Department employee to collect a saliva sample from him, and send the sample to Ancestry.com for analysis. Petition at 4-5.

Respondents filed POs in response to the Petition.[2] Respondents demur on the basis that the Petition is legally insufficient. According to Respondents,

---

[2] "In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts." *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017) (quoting *Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011)). "However, we 'are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion.'" *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5). "To sustain preliminary objections, 'it must appear with certainty that the law will permit no recovery' and '[a]ny doubt must be resolved in favor of the non-moving party.'" *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5).

Starcloud has no constitutional or other legal right to use an outside DNA testing service solely to personally explore his ancestry or to receive such DNA results unrelated to any legitimate post-conviction purpose.[3] Preliminary Objections at 3-4. In addition, they claim the Petition should be dismissed because: Starcloud has failed to allege that he exhausted his administrative remedies; this Court does not have jurisdiction to review Department decisions not implicating constitutional rights or involving operations of the correctional facility; the vial containing the sample could be used to transport contraband; and Starcloud has failed to state a claim for which relief is available. *Id.* at 4. Lastly, Respondents object that Respondent Kauffman should be dismissed as a respondent because he is not a statewide officer subject to this Court's original jurisdiction.[4] *Id.* at 5. Following briefing, the POs are ready for disposition.

Section 7451(c) of the Declaratory Judgments Act states, in relevant part, that "[r]elief shall not be available under this subchapter with respect to any . . . [p]roceeding within the exclusive jurisdiction of a tribunal other than a court [or p]roceeding involving an appeal from an order of a tribunal." 42 Pa. C.S.

---

[3] *See* Section 9543.1(a) of the Post Conviction Relief Act, 42 Pa. C.S. §9543.1 ("An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment . . . may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.").

[4] Respondents also objected based on defective service. *See* Pa. R.A.P. 1514(c) (requiring service of a petition for review to be served in person or by certified mail upon the governmental agency as well as the Attorney General's Office). This Court directed Starcloud to comply with Rule 1514(c). On October 23, 2017, Starcloud filed a certificate of service certifying service to Respondents by certified mail, but not to the Attorney General. Respondents did not renew their objection to service or otherwise develop any argument pertaining to service in its brief. Consequently, any objection regarding defective service is waived. *Triage, Inc. v. Department of Transportation*, 537 A.2d 903, 908 (Pa. Cmwlth. 1988).

4

§7541(c)(2), (3). In turn, Section 93.9 of the Department's regulations states, in relevant part:

> The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department.

37 Pa. Code §93.9.[5]

Section 1(A)(2) of Department Policy DC-ADM 804 provides that "[t]he Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate." Additionally, Section 1(A)(13) provides, "[a]n inmate who has been personally affected by a Department and/or facility action or policy will be permitted to submit a grievance."[6] Further, Section 1(A)(3) and (4) states that "[a]n inmate is encouraged to attempt resolution of a concern informally by use of a **DC-135A, Inmate Request to Staff Member** . . . prior to submitting a **DC-804, Part 1, Official Inmate Grievance Form**," and "[w]hile an inmate should make every effort to resolve a concern informally prior to

---

[5] *See also* Department Policy DC-ADM 804, Policy Statement ("It is the policy of the Department that every individual committed to its custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System.") (footnote omitted).

[6] *See also* Section 1(A)(7) of Department Policy DC-ADM 804 ("Issues concerning a specific inmate misconduct charge, *conduct of a hearing, statements written within a misconduct and/or other report*, a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department Policy **DC-ADM 801, 'Inmate Discipline'** and/or **DC-ADM 802, 'Administrative Custody Procedures.'** *Issues other than specified above must be addressed through the Inmate Grievance System*." (emphasis in original)).

filing an official grievance, failure to attempt to informally resolve a concern will not be cause to reject an official grievance." (Emphasis in original.)

In this case, although Starcloud sought redress through the informal request process by submitting a Form DC-135A, he failed to invoke the Department's formal grievance procedure and appeal process through the submission of a DC-804, Part 1 Official Inmate Grievance Form. As a result, declaratory judgment will not be granted in this case. *See Buehl v. Pennsylvania Department of Corrections*, 635 A.2d 217, 219 (Pa. Cmwlth. 1991), *aff'd*, 635 A.2d 113 (Pa. 1993) ("Here, Buehl has failed to use the internal grievance procedures available to him. . . . The law is clear that declaratory judgments should not be an available remedy for those who have failed to first use appropriate agency procedures. Therefore, because Buehl failed to use the internal grievance procedures available to him, declaratory judgment is inappropriate and his claim is dismissed.").

Accordingly, Respondents' POs in the nature of a demurrer is sustained and Starcloud's Petition is dismissed.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Moon Starcloud (a/k/a        :
Keith Mason Knight),          :
                                   :
               Petitioner     :
                                   :
             v.            : No. 332 M.D. 2017
                                   :
Facility Manager Kauffman,     :
SCI Huntingdon; John E. Wetzel,   :
Secretary, Dept. of Corrections,    :
                                   :
            Respondents   :

## O R D E R

AND NOW, this 8<u>th</u> day of <u>June</u>, 2018, Respondents' preliminary objection in the nature of a demurrer is SUSTAINED, and Petitioner's Petition for Review is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge